IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JONATHAN JOSEPH LIND,**

        Petitioner,

v.                                               Case No.: 2:14-cv-26284

**DAVID BALLARD, WARDEN,**
**Mount Olive Correctional Complex,**

        Respondent.

### MEMORANDUM OPINION AND ORDER SEALING EXHIBITS

Petitioner has filed exhibits in support of his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in the instant matter. (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6). Two of these exhibits include personal psychiatric information or other information for which privacy protection redactions should have been made, but were not made as required by Fed.R.Civ.P 5.2 and the Local Rules of this District. Due to the highly confidential nature of these particular exhibits, the Court **ORDERS** the exhibits designated as **ECF Nos. 1-1 and 1-2** to be **SEALED** until further order of the court.

The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3)

provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the documents, but in view of the confidential and specially protected nature of the records, as well as the extent of the private information contained therein, no such alternatives are feasible at this time. Moreover, the exhibits pertain to personal matters which have no particular relevance to the general public. Accordingly, the Court finds that keeping the exhibits sealed until proper redactions can be made, or until disclosure is deemed necessary for the purposes of the proceeding, will not unduly or significantly prejudice the public's right to access judicial records.

    The Clerk is instructed to provide a copy of this Order to the Petitioner.

    **ENTERED**: October 10, 2014

Cheryl A. Eifert
United States Magistrate Judge