IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

           Petitioner,

v.                                        CIVIL ACTION NO.   2:14-cv-26284

DAVID BALLARD,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), (ECF No. 1), Petitioner's Motion to Waive Exhaustion Due to Inordinate Delay (the "Motion to Waive"), (ECF No. 3), Petitioner's Motion for an Evidentiary Hearing (the "Motion for Hearing"), (ECF No. 4), Petitioner's Motion for Appointment of Counsel (the "Motion for Appointment"), (ECF No. 5), and Petitioner's Notification Letter, which the Clerk interpreted as a Motion to Waive Exhaustion Due to Inordinate Delay (the "Request Letter"), (ECF No. 15). By standing order entered May 7, 2014, and filed in this case on October 10, 2014, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition ("PF&R"). (ECF No. 9.) On March 26, 2015, Magistrate Judge Eifert entered her PF&R, which recommends that the Court deny the Motion to Waive as moot, deny the Motion for Appointment and the Motion for Hearing as premature, grant the Request Letter insofar as it asks the Court to deny the Motion to Waive, deny the Request Letter insofar as it asks for a stay and abeyance of this matter, and

1

dismiss the Petition without prejudice. (ECF No. 20 at 2.) In the PF&R, Magistrate Judge Eifert provided the following rationale, in part, regarding her recommendations:

> In summary, [Petitioner] has not provided any justification for a stay and abeyance. [Petitioner's] state habeas proceeding is progressing through the appeal process. He is represented by counsel in that action, and there are no issues about the timeliness of his state petition. He will have adequate time to re-file his federal habeas petition, if necessary, after the WVSCA has had an opportunity to fully examine and address [Petitioner's] constitutional claims. Bearing in mind that the practice of staying a section 2254 petition should be done infrequently and only for good cause, the undersigned find[s] no basis upon which to recommend a stay and abeyance of this action. Given that [Petitioner's] section 2254 petition was filed too early, his motions for the appointment of counsel and for an evidentiary hearing are likewise premature.

(*Id.* at 11.)

On April 3, 2015, Petitioner timely filed objections to the PF&R (the "Objections"). (ECF No. 21.) In the Objections, Petitioner notes that his appeal was still pending before the West Virginia Supreme Court of Appeals (the "WVSCA"), but recommended a stay in this matter pending that court's ruling. (*See id.*)

On September 4, 2015, Petitioner filed an additional motion—Motion to Remand to Magistrate Court for Further Proceedings, and Motion for Appointment of Counsel (the "Motion to Refer"). (ECF No. 22.) In this motion, Petitioner asserts that "[t]he Supreme Court of Appeals of West Virginia denied [his] appeal" on "August 31, 2015." (*Id.* at 2.) As such, Petitioner argues that "[a]ll grounds are now exhausted, and ripe for review by the Magistrate Court" and requests that the Court re-refer this matter to Magistrate Judge Eifert. (*Id.*)

As Petitioner correctly notes, the West Virginia Supreme Court of Appeals entered a memorandum opinion and order in Petitioner's case on August 31, 2015. *See Lind v. Ballard*, No. 14–0116, 2015 WL 5125884 (W. Va. Aug. 31, 2015). In this opinion, the WVSCA "affirm[ed] the

circuit court's December 1, 2014 order" denying Petitioner's petition for writ of habeas corpus. *Id.* at *7. However, this opinion did not become final on August 31, 2015. The West Virginia Rules of Appellate Procedure state the following, in relevant part, regarding when decisions of the WVSCA become final:

> (a) Effect of Mandate. Issuance of the mandate terminates jurisdiction of the Supreme Court in an action before this Court, unless the Court has provided by order pursuant to Rule 25(a) that a petition for rehearing may be filed after a mandate has issued. Unless otherwise provided, an opinion of the Court or memorandum decision of the Court considering the merits of a case *is not final until the mandate has been issued*.
>
> (b) Time for Issuance, Contents. The timely filing of a petition for rehearing will stay issuance of the mandate. If a petition for rehearing is not timely filed, the Clerk will issue the mandate as soon as practicable *after the passage of thirty days from the date the opinion or memorandum decision is released*, unless the time is shortened or enlarged by order. The mandate will contain a summary description of the judgment of the Court, and any direction as to costs or other matters. The mandate must be read and construed together with the opinion or memorandum decision in the case. If a petition for rehearing is denied, the Clerk will issue the mandate within seven days of the date of the order refusing the rehearing petition, unless the time is shortened or enlarged by order.

W. Va. R. App. P. 26(a) & (b) (emphasis added). West Virginia Rule of Appellate procedure 25(a), in turn, provides that "[a] petition for rehearing may be filed within thirty days of the release of any memorandum decision or opinion of this Court that passes upon the merits of an action, unless the time for filing is shortened or enlarged by order."

Under these rules, the WVSCA's August 31, 2015 opinion in Petitioner's case initiated a thirty-day grace period for the filing of petitions for rehearing. *See* W. Va. R. App. P. 25(a). Only once that thirty-day period elapses will the WVSCA's Clerk issue "as soon as [is] practicable" the WVSCA's mandate in Petitioner's case. *See* W. Va. R. App. P. 26(b). This mandate, in turn, will

3

then make the WVSCA's opinion final. *See* W. Va. R. App. P. 26(a). Until that time, however, the WVSCA retains jurisdiction over Petitioner's appeal. *See id.*

As the WVSCA ruled on Petitioner's appeal—but that opinion is presently in the thirty-day grace period for petitions for rehearing—the Court will stay this case until such time as the WVSCA's August 31, 2015 opinion regarding Petitioner's petition becomes final. *Cf. Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." (citations omitted)).

Accordingly, the Court **STAYS** this case until further order of the Court. The Court **ORDERS** the Clerk to remove this case from the Court's active docket.

The Court further **ORDERS** Petitioner to notify the Court within **30 days** of the date when the WVSCA's August 31, 2015 opinion in his case becomes final pursuant to West Virginia Rule of Appellate Procedure 26. The Court cautions Petitioner that this stay shall extend no later than 60 days from the date of this Memorandum Opinion and Order. If Petitioner has not provided the above-ordered notice to the Court by the end of that 60-day period, the Court may end the stay and rule on the exhaustion issue that is the focus of Magistrate Judge Eifert's March 26, 2015 PF&R.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 14, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE