**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JONATHAN JOSEPH LIND,

               Petitioner,

v.                                       CIVIL ACTION NO.   2:14-cv-26284

DAVID BALLARD,

               Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are the petition pursuant to 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), (ECF No. 1), Petitioner's Motion to Waive Exhaustion Due to Inordinate Delay (the "Motion to Waive"), (ECF No. 3), Petitioner's Motion for An Evidentiary Hearing (the "Motion for Hearing"), (ECF No. 4), Petitioner's Motion for Appointment of Counsel, (ECF No. 5), Petitioner's Notification Letter, which the Clerk interpreted as a Motion to Waive Exhaustion Due to Inordinate Delay (the "Request Letter"), (ECF No. 15), and Petitioner's Motion to Remand to Magistrate Court for Further Proceedings, and Motion for Appointment of Counsel (the "Motion to Refer"), (ECF No. 22). By standing order entered May 7, 2014, and filed in this case on October 10, 2014, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and recommendations for disposition. (ECF No. 9.) On March 26, 2015, Magistrate Judge Eifert entered a PF&R (the "PF&R"), in which she recommends that the Court deny the Motion to Waive as moot, deny the

Motion for Hearing and the Motion for Appointment as premature, grant the Request Letter insofar as it asks the Court to deny the Motion to Waive, deny the Request Letter insofar as it asks for a stay and abeyance of this matter, and dismiss the Petition without prejudice. (ECF No. 20 at 2.) On April 3, 2015, Petitioner timely filed objections to the PF&R (the "Objections"). (ECF No. 21.)

For the reasons discussed herein, the Court **SUSTAINS IN PART** the Objections, (ECF No. 21), **DECLINES TO ADOPT** the PF&R, (ECF No. 20), **DENIES AS MOOT** the Motion to Waive, (ECF No. 3), the Request Letter, (ECF No. 15), and the Objections, (ECF No. 21), insofar as the Objections include a request to stay this matter, **GRANTS IN PART** the Motion to Refer, (ECF No. 22), and **RE-REFERS** this matter to the Magistrate Judge for further pretrial management and submission of proposed findings and recommendations for disposition.

## I. Background

On March 28, 2007, Petitioner was sentenced in the Circuit Court of Kanawha County, West Virginia to a term of imprisonment of 33 to 150 years for his convictions of second degree murder, first degree robbery, and three counts of forgery of a credit card. (ECF No. 1 at 1.) Petitioner appealed his conviction to the Supreme Court of Appeals of West Virginia (the "WVSCA"), which denied his appeal on March 20, 2008. (*Id.* at 2.)

On October 2, 2008, Petitioner filed a petition for a writ of habeas corpus in the Circuit Court of Kanawha County, West Virginia, in which he challenged his conviction and sentence. (*Id.* at 2–3.) Following an evidentiary hearing, the state court denied this petition on April 17, 2009. (*Id.* at 3.) Petitioner did not appeal this ruling. (*See id.*)

On November 17, 2009, Petitioner filed a second petition for a writ of habeas corpus in the Circuit Court of Kanawha County, West Virginia, in which he challenged the performance of his

first habeas counsel, alleged deficiencies in the first habeas proceeding, and his conviction and sentence (the "Second State Petition"). (*Id.*) *But see Lind v. Ballard*, No. 14–0116, 2015 WL 5125884, at *2–6 (W. Va. Aug. 31, 2015) (constituting the WVSCA's August 31, 2015 decision regarding Petitioner's Second State Petition, in which the WVSCA also addressed Petitioner's ineffective assistance of counsel claims regarding his trial counsel and counsel during the second habeas proceedings, as well as allegedly errant evidentiary rulings by the trial court). Following an additional evidentiary hearing, the state circuit court denied the Second State Petition on January 9, 2014. (*Id.*) Petitioner then appealed the denial of the Second State Petition to the WVSCA. (*See, e.g.*, ECF No. 15.)

Petitioner filed the Petition on September 30, 2014. (ECF No. 1.) Petitioner raises the following grounds for relief in the Petition: (1) ineffective assistance of counsel due to the failure of his counsel during the first state habeas proceedings "to [d]emand [P]etitioner's presence at [the] omnibus [h]earing;" (2) ineffective assistance of counsel due to the failure of his counsel during the first state habeas proceedings to "discuss the necessity of raising all [h]abeas [c]laims in one [h]abeas [p]etition or forever give up those claims" and "to perfect an [a]ppeal on [Petitioner's] behalf;" (3) ineffective assistance of counsel due to the failure of his counsel during the second state habeas proceedings to include Petitioner's pro se grounds for appeal in the Second State Petition and "for telling [the state court judge] to [i]nquire about the [s]tandard grounds for relief;" (4) the decision of the state trial judge to omit "[l]arceny as a lesser [i]ncluded offense;" (5) the decision of the state trial judge not to permit an expert to testify regarding Petitioner's mental competency "at the time of the crime;" (6) ineffective assistance of counsel due to multiple errors by Petitioner's trial counsel; and (7) an excessive and unconstitutional sentence. (*Id.* at 4–

9.) Petitioner further acknowledged that the grounds for relief were still pending in state court. (*Id.* at 9.) However, Petitioner noted that he filed the Petition because he was unable to contact his attorney, his "attorney has failed to timely file and perfect [his] appeal," and he was concerned that his "one year statute of limitations" would run, thereby "ruin[ing] [his] chance to have this tribunal review [his] case." (ECF No. 3 ¶¶ 6–7.) Petitioner also filed the Motion to Waive on September 30, 2014. (ECF No. 3.)

Petitioner subsequently filed the Request Letter on November 5, 2014. (ECF No. 15.) In the Request Letter, Petitioner noted that his attorney contacted him and filed his appeal with the WVSCA. (*See id.* at 1.) Petitioner also "request[ed] that the [Motion to Waive] [b]e [d]enied in [p]art, and granted in part, and that the [Petition] be [p]laced on [an] [i]nactive [d]ocket [p]ending [e]xhaustion of [Petitioner's] claims in [t]he [WVSCA]." (*Id.*) Defendant filed his opposition to the Request Letter on December 2, 2014, (ECF No. 16), and Petitioner filed his reply in support of the Request Letter[1] on December 17, 2014, (ECF No. 17).

On March 26, 2015, Magistrate Judge Eifert filed the PF&R, in which she noted that Petitioner's "appeal of the state habeas court's ruling is . . . pending and active." (ECF No. 20 at 3.) Magistrate Judge Eifert then recommended dismissal of this matter because Petitioner "has not exhausted the claims in" the Petition. (*Id.* at 6.) Petitioner timely filed the Objections on April 3, 2015. (ECF No. 21.)

On September 4, 2015, Petitioner filed the Motion to Refer, in which he states that the WVSCA denied his appeal on August 31, 2015. (ECF No. 22 at 2.) Petitioner then "requests that

---

[1] Petitioner styled his reply in support of the Request Letter as his "Objection to Response in Opposition to Motion to Waive Exhaustion." (ECF No. 17.)

this matter be remanded back to the Magistrate [Judge] for further proceedings, and that counsel be [a]ppointed in [t]his matter." (*Id.*)

In its memorandum opinion and order entered on September 15, 2015, the Court noted that "the WVSCA ruled on Petitioner's appeal" on August 31, 2015. (ECF No. 24 at 4.) However, the Court found that the WVSCA's decision "initiated a thirty-day grace period for the filing of petitions for rehearing." (*Id.* at 3 (citation omitted).) The Court also found that "[o]nly once that thirty-day period elapses will the WVSCA's Clerk issue . . . the WVSCA's mandate in Petitioner's case," which "will then make the WVSCA's opinion final." (*Id.* at 3–4 (citations omitted).) The Court therefore stayed this matter and ordered "Petitioner to notify the Court within 30 days of the date when the WVSCA's August 31, 2015 opinion in his case becomes final pursuant to West Virginia Rule of Appellate Procedure 26." (*Id.* at 4.)

On November 13, 2015, Petitioner filed a letter to the Court, in which he states that the WVSCA's Clerk issued the mandate for the WVSCA's August 31, 2015 decision in his case. (ECF No. 30 at 1.) This letter included an undated form signed by Rory L. Perry II—the Clerk of Court for the WVSCA—and entitled "Mandate," which states that the WVSCA's August 31, 2015 decision in Petitioner's case became "final" on September 30, 2015. (*Id.* at 2.)

## II. Legal Standard

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court must determine *de novo* any part of a magistrate judge's disposition to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Petitioner objected, this Court will consider the fact that Petitioner is acting pro se, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. Discussion

Petitioner objects to Magistrate Judge Eifert's proposed finding that Petitioner has not exhausted his available state remedies and her recommendation that the Court dismiss the Petition. (*See* ECF No. 21.) Based on the events that occurred subsequent to Magistrate Judge Eifert filing the PF&R, the Court finds that Petitioner has now exhausted his available state remedies and that re-referral to the Magistrate Judge for further proposed findings and recommendations for disposition is appropriate.

"[F]ederal habeas corpus proceedings [are] a method for preventing individuals from being held in custody in violation of federal law." *Trevino v. Thaler*, 133 S. Ct. 1911, 1916 (2013) (citing *Martinez v. Ryan*, 132 S. Ct. 1309, 1315–16 (2012)). "Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 . . . , authorizes a federal district court to entertain a petition for habeas corpus relief from a prisoner in state custody . . . 'on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Harper v. Ballard*, Civil Action No. 3:13–23467, 2014 WL 4470536, at *5 (S.D. W. Va. Sept. 10, 2014) (quoting 28 U.S.C. § 2254(a)). "In general, if a convicted state criminal defendant can show a federal habeas court that his conviction rests upon a violation of the Federal Constitution, he may

well obtain a writ of habeas corpus that requires a new trial, a new sentence, or release." *Trevino*, 133 S. Ct. at 1917.

However, "28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). One such limit is that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1); *see, e.g.*, *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." (citations omitted)). The purpose of the "exhaustion-of-state-remedies doctrine" is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard*, 404 U.S. at 275. "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity," *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973), "and Congress has made the specific determination in [Section 2254] that requiring the exhaustion of adequate state remedies . . . will best serve the policies of federalism," *id.* at 492 n.10.

"The core element of the doctrine of exhaustion involves the requirement that a claim ha[s] been fairly presented to the state courts prior to seeking relief on federal habeas corpus," including "an opportunity for review by the highest court in the state." *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995) (citations omitted); *see also Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) ("Although a petitioner need not 'cit[e] book and verse on the federal constitution' in order to satisfy the exhaustion requirement, the federal claim nevertheless must be 'fairly

presented' to the state court." (quoting *Picard*, 404 U.S. at 275 & 278)). "Fair presentation mandates that the federal claim be fairly presented face-up and squarely" and "both the operative facts and the controlling legal principles must be presented to the state court." *Baker*, 220 F.3d at 289 (citation omitted).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "In West Virginia, exhaustion is accomplished . . . by (1) presenting the federal constitutional issues directly to the [WVSCA] through an appeal of the conviction or sentence; (2) petitioning for a writ of habeas corpus under the [WVSCA's] original jurisdiction and receiving a dismissal with prejudice following a determination on the merits; or (3) petitioning for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the [WVSCA], if the result is adverse." *Harper*, 2014 WL 4470536, at *6 (citing *Moore*, 879 F. Supp. at 593).

In this case, Petitioner has satisfied the third method for accomplishing exhaustion of his available state court remedies in West Virginia. Petitioner filed the Second State Petition in circuit court in West Virginia, which the circuit court denied on January 9, 2014. *Lind*, 2015 WL 5125884, at *1. Petitioner then appealed the circuit court's denial of his Second State Petition to the WVSCA. *Id.* Following Magistrate Eifert's filing of the PF&R on March 26, 2015, the WVSCA affirmed the circuit court's denial of the Second State Petition on August 31, 2015. *See id.* at *7. The WVSCA's August 31, 2015 decision regarding Petitioner's Second State Petition addressed the same grounds for relief as Petitioner pursues in the instant Petition.[2] (*See* ECF No. 1 at 4–9

---

[2] The Court notes that Petitioner states that he raised only five of the grounds for relief listed in the Petition in his Second State Petition. (*See* ECF No. 1 at 3.) However, the WVSCA's August 31, 2015 decision regarding the Second

(providing Petitioner's grounds for relief in the Petition)); *Lind v. Ballard*, No. 14–0116, 2015 WL 5125884, at *2 & 5 (W. Va. Aug. 31, 2015) (listing the issues the WVSCA considered on appeal following the circuit court's decision denying the Second State Petition). The WVSCA's August 31, 2015 decision then became final on September 30, 2015 upon the issuance of the mandate by the WVSCA's Clerk. (*See* ECF No. 30 at 2 (constituting the mandate associated with the WVSCA's August 31, 2015 decision regarding Petitioner's Second State Petition).) *See generally* W. Va. R. App. P. 26(a) (providing that, "[u]nless otherwise provided, an opinion of the [WVSCA] or memorandum decision of the [WVSCA] considering the merits of a case is not final until the mandate has been issued"). As of the issuance of this mandate, Petitioner has exhausted his available state remedies for the grounds for relief listed in the Petition. *See, e.g.*, *Harper*, 2014 WL 4470536, at *6 (providing that one option to accomplish exhaustion in West Virginia is to petition "for a writ of habeas corpus in the appropriate circuit court followed by an appeal of the judgment to the [WVSCA], if the result is adverse" (citing *Moore*, 879 F. Supp. at 593)). The Petition therefore presently satisfies the exhaustion requirement and dismissal on those grounds is no longer appropriate. *Cf. Harper v. Ballard*, Civil Action No. 3:12–00653, 2013 WL 285412, at *7 (S.D. W. Va. Jan. 24, 2013) ("Generally, when a petitioner fails to exhaust his state court remedies, a federal habeas petition should be dismissed." (citing *Richardson v. Turner*, 716 F.2d 1059, 1062 (4th Cir. 1983))).

Accordingly, the Court finds that Petitioner has exhausted his available state remedies for the grounds for relief provided in the Petition. The Court also finds that the appropriate course is

---

State Petition clarifies that Petitioner raised each of the issues in the Petition before the WVSCA. *See Lind v. Ballard*, No. 14–0116, 2015 WL 5125884, at *2 & 5 (W. Va. Aug. 31, 2015) (noting the issues the WVSCA considered on appeal regarding the Second State Petition).

to lift the stay in this case and re-refer this matter to Magistrate Judge Eifert for further pretrial management and submission of proposed findings and recommendations for disposition.[3]

## IV.  Conclusion

For the foregoing reasons, the Court **SUSTAINS** the Objections, (ECF No. 21), to the extent that Petitioner objects to the dismissal of this case, **DECLINES TO ADOPT** the PF&R, (ECF No. 20), **DENIES AS MOOT** the Motion to Waive, (ECF No. 3), the Request Letter, (ECF No. 15), and the Objections, (ECF No. 21), insofar as the Objections include a request for a stay in this matter, and **GRANTS** the Motion to Refer, (ECF No. 22), to the extent that Petitioner requests that the Court re-refer this matter to the Magistrate Judge.[4]  Accordingly, the Court **LIFTS** the stay in this case and **RE-REFERS** this action to Magistrate Judge Eifert for further pretrial management and submission of further of proposed findings and recommendations for disposition.

**IT IS SO ORDERED**.

---

[3] In the Motion to Waive, Petitioner requests that the Court waive the exhaustion requirement and hold this matter in abeyance pending the WVSCA's decision regarding Petitioner's appeal of the circuit court's denial of the Second State Petition. (ECF No. 3 at 3.) In the Request Letter, Petitioner also requests that the Court place this case "on a[n] [i]nactive [d]ocket [p]ending [e]xhaustion of [Petitioner's] claims" before the WVSCA. (ECF No. 15 at 1.) Similarly, in the Objections, Petitioner requests that the Court stay this case pending the WVSCA's decision regarding the Second State Petition. (ECF No. 21.)

As discussed above, the WVSCA's August 31, 2015 decision affirmed the circuit court's denial of the Second State Petition. (*See* ECF No. 30 at 2). The WVSCA's August 31, 2015 decision—which was final as of September 30, 2015—renders moot Petitioner's requests to stay this matter pending the WVSCA's ruling. As such, the Court finds that the Motion to Waive, the Request Letter, and Petitioner's request in the Objections to stay this matter are now moot.

[4] As the Court re-refers this matter to Magistrate Judge Eifert on the grounds that Petitioner has exhausted his available state remedies, the Court does not reach the Motion for Hearing, (ECF No. 4), the Motion for Appointment, (ECF No. 5), or Petitioner's request for the appointment of counsel in the Motion to Refer, (ECF No. 22).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     December 8, 2015

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE