IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

        Petitioner,

v.                                                              CIVIL ACTION NO.   2:14-cv-26284

DAVID BALLARD,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), (ECF No. 1), Petitioner's Motion for Partial Summary Judgment,[1] (ECF No. 25), Petitioner's Motion for Default Judgment and Objection (the "Motion for Default Judgment"), (ECF No. 42), and Petitioner's request to stay this matter pending the total exhaustion of his claims (the "Request to Stay"), (ECF No. 32 at 4). By Standing Order filed in this case on October 10, 2014, this action was referred to United States Magistrate Judge Cheryl A. Eifert for total pretrial management and submission of proposed findings of fact and recommendations for disposition. (ECF No. 9.) On April 27, 2016, Magistrate Judge Eifert filed proposed findings of fact and recommendations for disposition (the "PF&R"), in which she recommends that the Court deny the Motion for Partial Summary Judgment, the Motion for Default Judgment, and the Request to Stay. (ECF No. 48 at 24–25.) As pertinent here,

---

[1] Petitioner entitled his Motion for Partial Summary Judgment as a "Motion for Partial Summary of Judgement [sic]." (ECF No. 25 at 1.)

1

Magistrate Judge Eifert also denied Petitioner's Motion for Leave to Obtain Discovery (the "Motion for Discovery"), (ECF No. 37 at 1–3), in the PF&R, (ECF No. 48 at 21–22). On May 11, 2016, Petitioner filed timely objections to the PF&R (the "Objections"). (ECF No. 49.)

For the reasons provided herein, the Court **OVERRULES** Petitioner's Objections, (ECF No. 49), **ADOPTS** the PF&R, (ECF No. 48), to the extent it is consistent with this Memorandum Opinion and Order, **DENIES** Petitioner's Motion for Partial Summary Judgment, (ECF No. 25), Motion for Default Judgment, (ECF No. 42), and Request to Stay, (ECF No. 32 at 4), and **AFFIRMS** Magistrate Judge Eifert's denial of Petitioner's Motion for Discovery without prejudice, (ECF No. 48 at 21–22).

## I. Background

This case involves a collateral attack by a state prisoner on his conviction pursuant to 28 U.S.C. § 2254. The Petition states that, on March 28, 2007, Petitioner was convicted by a jury of the following offenses: (1) second-degree murder; (2) first-degree robbery; and (3) three counts of forgery of a credit card. (ECF No. 1 at 1.) The Petition further states that Petitioner was sentenced on June 1, 2007 to a term of incarceration of 33 to 150 years. (*Id.*)

The Petition states that Petitioner filed a petition for a writ of habeas corpus in West Virginia state circuit court on October 2, 2008. (*Id.* at 2.) According to the Petition, the state circuit court denied this petition on April 17, 2009 and Petitioner did not appeal this ruling. (*See id.* at 3.) The Petition also states that Petitioner filed a second petition for a writ of habeas corpus in West Virginia state circuit court on November 17, 2009. (*Id.*) The state circuit court denied this second petition on January 9, 2014, (*id.*), and the Supreme Court of Appeals of West Virginia affirmed

the denial of Petitioner's second state petition on August 31, 2015, *Lind v. Ballard*, No. 14–0116, 2015 WL 5125884 (W. Va. Aug. 31, 2015).

Petitioner filed the instant Petition in this Court on September 30, 2014. (ECF No. 1.) While the Petition was pending before this Court, Petitioner filed a third petition for a writ of habeas corpus in West Virginia state circuit court on January 29, 2016. (ECF No. 48 at 3.) Magistrate Judge Eifert's chambers contacted the office of the circuit court where Petitioner's third state habeas petition is pending and determined that this petition includes the following grounds for relief: (1) "ineffective assistance of state habeas counsel during [Petitioner's] second state habeas proceeding;" (2) "the circuit court erred because it failed to render specific [findings] of fact and conclusions of law on all grounds;" and (3) "denial of due process when the trial court denied [Petitioner's] motion to appoint co-counsel."[2] (*Id.* at 3–4.)

On October 22, 2015, Petitioner filed his Motion for Partial Summary Judgment. (ECF No. 25.) Respondent filed his opposition to the Motion for Partial Summary Judgment on March 24, 2016, (ECF No. 41), and Petitioner filed his reply in support of this motion on April 20, 2016, (ECF No. 47 at 2–4).

On January 13, 2016, Petitioner filed a Motion for Leave to Amend Pleadings (the "Motion to Amend"), in which he requested to amend the Petition to include the same three claims that he alleges in his pending third state habeas petition. (*See* ECF No. 32 at 2.) In the Motion to Amend, Petitioner also requests that the Court stay this matter "so [he] can exhaust [t]hese [g]rounds in [t]he state court." (*Id.* at 4.) Respondent filed his opposition to the Motion to Amend on March 24,

---

[2] On August 5, 2016, this Court's chambers separately contacted the clerk's office for the state circuit court where Petitioner's third state habeas petition is pending and confirmed that Petitioner's pending state habeas petition includes these three grounds.

3

2016, (ECF No. 39), and Petitioner filed his reply in support of this motion on April 20, 2016, (ECF No. 47 at 4–5).

On February 26, 2016, Petitioner filed the Motion for Discovery. (ECF No. 37 at 1–3.) Respondent filed his opposition to the Motion for Discovery on March 24, 2016, (ECF No. 40), and Petitioner filed his reply in support of this motion on April 20, 2016, (ECF No. 47 at 5–7).

Finally, Petitioner filed his Motion for Default Judgment on March 30, 2016. (ECF No. 42.) Respondent filed his opposition to the Motion for Default Judgment on March 31, 2016, (ECF No. 44), and Petitioner filed his reply in support of this motion on April 6, 2016, (ECF No. 44).

To date, Magistrate Judge Eifert has not ordered Respondent to answer the Petition. As such, Respondent has not yet answered the Petition or filed materials relating to Petitioner's state proceedings.

On April 27, 2016, Magistrate Judge Eifert filed the PF&R, in which she granted the Motion to Amend, denied the Motion for Discovery without prejudice, and recommends that the Court deny the Motion for Partial Summary Judgment, the Motion for Default Judgment, and the Request to Stay. (ECF No. 48 at 21–25.) On May 11, 2016, Petitioner filed the Objections, in which he raises objections regarding the Magistrate Judge's ruling on the Motion for Discovery, as well as her recommendations as to the Motion for Partial Summary Judgment and the Request to Stay. (ECF No. 49.) As such, the PF&R, the Objections, the Motion for Partial Summary Judgment, the Motion for Default Judgment, the Motion for Discovery, and the Request to Stay are fully briefed and ready for disposition.

## *II. Legal Standard for Review of the PF&R*

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3) (emphasis added). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, "[t]he district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to *de novo* review by the district court thereby established." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). In reviewing those portions of the PF&R to which Petitioner objects, this Court will consider the fact that Petitioner is acting *pro se*, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

### III. Discussion

Petitioner objects to two recommendations and one ruling provided by Magistrate Judge Eifert in the PF&R. (*See* ECF No. 49.) For the reasons that follow, the Court overrules Petitioner's Objections.

**A.     The Motion for Partial Summary Judgment**

Petitioner first objects to Magistrate Judge Eifert's recommendation that the Court should deny Petitioner's Motion for Partial Summary Judgment. (*See* ECF No. 49 at 1–3.) In this motion,

5

Petitioner does not seek summary judgment as to any of his grounds in the Petition. (*See* ECF No. 25.) Instead, Petitioner requests that the Court "forbid" Respondent in this federal proceeding from "object[ing] to any and all claims [he] failed to object to in" the state habeas proceedings. (*Id.* at 4.) In the PF&R, Magistrate Judge Eifert recommends denying the Motion for Partial Summary Judgment on the grounds that Respondent did not forfeit or waive any arguments it did not raise in the state habeas proceedings. (*See* ECF No. 48 at 9–11.) In his Objections, Petitioner renews his argument that "abandoned matters may not be the subject of [f]ederal [h]abeas review." (ECF No. 49 at 2–3.)

While the Court agrees with the Magistrate Judge that the Motion for Partial Summary Judgment is appropriately denied, it nonetheless finds that it need not reach the merits of this motion. This action is still in its relative infancy. Indeed, Respondent has not yet filed an answer to the Petition and the record does not include the relevant transcripts from Petitioner's state proceedings. *See generally* Rules Governing § 2254 Cases, Rule 5(a) ("The respondent is not required to answer the petition unless a judge so orders."); *id.*, Rule 5(c) ("The answer must . . . indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant."). As such, the Court is unable, at this time, to make any determination as to whether Respondent raised or declined to raise any particular arguments in the state proceedings. Furthermore, if the Court addresses the merits of this motion, it would be forced to speculate as to what arguments or defenses Respondent *might* raise in this action. The Court declines to engage in this speculative analysis. *See, e.g.*, *Andrade v. Martusello*, No. 12–CV–6399 (RJS)(AJP), 2015

6

WL 4154108, at *5 (S.D.N.Y. July 8, 2015) (declining "to engage in speculation that is entirely ungrounded in the [record]"); *Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269, 1270 n.1 (S.D. Ala. 2008) ("The Court will not make a party's arguments for it, and will not hypothesize or speculate as to what a party's unspoken intentions might [be] . . . .").

Ultimately, as this case is in its preliminary stages, the Court finds that Petitioner's request to "forbid" Respondent from raising any arguments or defenses is premature. The Court therefore **OVERRULES** Petitioner's Objections as to the Motion for Partial Summary Judgment, (ECF No. 49 at 1–3), **ADOPTS** the PF&R, (ECF No. 48), insofar as Magistrate Judge Eifert recommends denying this motion, and **DENIES** the Motion for Partial Summary Judgment, (ECF No. 25). However, the Court denies this motion without prejudice and may revisit this issue―upon an appropriate motion from Petitioner―as to specific arguments or defenses Respondent raises in this case once Respondent has presented arguments or defenses regarding the Petition and the record is supplemented with the materials from Petitioner's state proceedings.[3]

**B.     The Request to Stay**

Petitioner next objects to the Magistrate Judge's recommendation that the Court deny Petitioner's Request to Stay. (*See* ECF No. 49 at 3–7.) In the Motion to Amend, Petitioner requested to amend his Petition to include three additional grounds, as well as to stay the proceedings "so [he] can exhaust [t]hese [g]rounds in [t]he state court." (ECF No. 32.) In the PF&R, Magistrate Judge Eifert granted Petitioner's Motion to Amend insofar as Petitioner

---

[3] In the PF&R, Magistrate Judge Eifert recommends that the Court deny Petitioner's Motion for Default Judgment. (ECF No. 48 at 23–24.) Petitioner does not object to this recommendation. (*See* ECF No. 49.) Accordingly, the Court **ADOPTS** the PF&R to the extent Magistrate Judge Eifert recommends the denial of the Motion for Default Judgment, (ECF No. 42), and **DENIES** this motion, (*id.*). *See generally Bros. of the Wheel M.C. Exec. Council, Inc. v. Mollohan*, 909 F. Supp. 2d 506, 517 (S.D. W. Va. 2012) ("The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendations to which no objections are addressed." (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985))).

7

requested to add three new claims, (ECF No. 48 at 13), which include the following: (1) a claim that Petitioner's habeas counsel in his second state habeas proceedings was constitutionally ineffective; (2) a claim that the state habeas "court erred because it failed to render specific findings of fact and conclusions of law on all grounds;" and (3) a claim that "Petitioner was denied due process when the trial court denied [Petitioner's] motion for" the appointment of "co-counsel," (ECF No. 32 at 2). The Magistrate Judge then found that Petitioner failed to exhaust these three claims and no exception to the exhaustion requirement is applicable as to these claims. (*See* ECF No. 48 at 13–18.) Petitioner does not object to the Magistrate Judge's ruling regarding his request to amend the Petition or her findings as to exhaustion. (*See* ECF No. 49.) Instead, Petitioner objects to the Magistrate Judge's recommendation that the Court should deny the Request to Stay. (*See id.* at 3–7.) For the reasons that follow, the Court overrules this objection.

With the addition of Petitioner's three new claims through his amendment, the Petition is now a mixed petition—*i.e.*, it now includes both exhausted claims and the three new unexhausted claims. Prior to the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Supreme Court held "that federal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Lundy*, 455 U.S. 509 (1982)). As such, the Supreme Court "imposed a requirement of 'total exhaustion' and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance." *Id.* at 274 (citing *Lundy*, 455 U.S. at 552).

AEDPA "preserved [this] total exhaustion requirement." *Id.* (citing 28 U.S.C. § 2254(b)(1)(A)). However, in *Rhines v. Weber*, the Supreme Court noted that "the interplay between AEDPA's 1-year statute of limitations and [the] dismissal requirement" for mixed petitions may disadvantage certain habeas petitioners. *Id.* In particular, "[i]f a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the limitations period has expired, this will likely mean the termination of any federal review." *Id.* at 275. The Supreme Court therefore approved a "stay-and-abeyance" procedure where, "rather than dismiss the mixed petition . . . , a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.*

The Supreme Court noted that, "if employed too frequently," the stay-and-abeyance procedure "has the potential to undermine . . . AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," as well as "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277. As such, "stay and abeyance [is] available only in limited circumstances." *Id.* In particular, "the district court should stay, rather than dismiss, the mixed petition" if "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In the present case, a stay and abeyance is not warranted because Petitioner's unexhausted claims—which he included in the Petition through the amendment—are not meritorious. Petitioner's first unexhausted claim alleges that his second state habeas counsel was constitutionally ineffective. (ECF No. 32 at 2.) This claim is not cognizable in this proceeding, as

9

AEDPA explicitly provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012) ("§ 2254(i) precludes [a petitioner] from relying on the ineffectiveness of his postconviction attorney as a ground for relief . . . ." (citation omitted)).

In Petitioner's second unexhausted claim, he alleges that the state habeas "court erred because it failed to render specific findings of fact and conclusions of law on all grounds." (ECF No. 32 at 2.) This ground also lacks merit. "Pursuant to § 2254, a petitioner may obtain relief from a state court judgment 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (quoting 28 U.S.C. § 2254(a)). "A state prisoner has no federal constitutional right to post-conviction proceedings in state court." *Id.* (citation omitted). "Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Id.* (citation omitted). In short, "a challenge to . . . state habeas corpus proceedings . . . cannot provide a basis for federal habeas relief." *Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998) (citation omitted); *see also Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." (alteration and citations omitted)). As such, Petitioner's second unexhausted claim, which alleges a purported error in his state habeas proceeding, does not provide a basis for federal habeas relief.

Finally, in his third unexhausted claim, Petitioner asserts that he "was denied due process when the trial court denied [Petitioner's] motion for" the appointment of "co-counsel." (ECF No. 32 at 2.) This claim lacks merit because—even in capital cases—criminal defendants do not have a constitutional right to the appointment of co-counsel.[4] *See, e.g.*, *Rachal v. Quarterman*, 265 F. App'x 371, 378 (5th Cir. 2008) ("As courts routinely recognize, there is no constitutional right *per se* to appointment of co-counsel in a capital case." (citations omitted)); *Riley v. Taylor*, 277 F.3d 261, 306 (3d Cir. 2001) ("[T]here is no constitutional right *per se* to the appointment of co-counsel in a capital case." (emphasis added) (citations omitted)); *Bell v. Watkins*, 692 F.2d 999, 1009 (5th Cir. 1982) ("Although Mississippi courts may customarily appoint two lawyers in a capital case, the Constitution dictates no such requirement."); *Jackson v. Carroll*, No. Civ. 01–552–SLR, 2004 WL 1192650, at *14 n.10 (D. Del. May 20, 2004) ("While it may be Delaware practice to appoint two attorneys in a capital case, the presence of only one court-appointed attorney does not offend the Sixth Amendment." (citations omitted)). *See generally Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("[The Supreme] Court has recognized that 'the right to counsel is the right to the effective assistance of counsel.'" (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970))); *Riley*, 277 F.3d at 306 ("The Constitution does not specify the number of lawyers who must be appointed. If a single attorney provides reasonably effective assistance, the Constitution is satisfied, and if a whole team of lawyers fails to provide such assistance, the Constitution is violated.").

---

[4] The Court notes that, in the context of federal offenses, "[w]hoever is indicted for treason or other capital crime shall be allowed to make his full defense by counsel; and the court before which the defendant is to be tried, or a judge thereof, shall promptly, upon the defendant's request, assign 2 such counsel . . . ." 18 U.S.C. § 3005. However, "th[is] right to two counsel granted by [§] 3005 is purely statutory and . . . [§ 3005] does not embody a fundamental constitutional right . . . ." *United States v. Williams*, 544 F.2d 1215, 1218 (4th Cir. 1976) (citation omitted). As such, Section 3005 does not provide a constitutional right that may sustain Petitioner's third exhausted claim.

11

For these reasons, the Court finds that Petitioner's unexhausted claims, as included in the Petition through the amendment, are not meritorious. As these claims lack merit, the Court also finds that a stay and abeyance of this matter pending Petitioner's exhaustion of these claims is not appropriate. *See, e.g.*, *Rhines*, 544 U.S. at 277 ("[E]ven if a petitioner had good cause . . . , the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."). Accordingly, the Court **OVERRULES** the Objections[5] as to the Request to Stay, (ECF No. 49 at 3–7), **ADOPTS** the PF&R, (ECF No. 48), insofar as Magistrate Judge Eifert recommends that the Court deny the Request to Stay, and **DENIES** the Request to Stay, (ECF No. 32 at 4). The Court shall address Petitioner's available options regarding the unexhausted claims in the conclusion section of this Opinion.

## C.     The Motion for Discovery

Petitioner's final objection to the PF&R concerns Magistrate Judge Eifert's denial of Petitioner's Motion for Discovery without prejudice. (*See* ECF No. 49 at 7.) Petitioner does not object to the Magistrate Judge's finding that this motion is premature. (*See* ECF No. 49. *See generally* ECF No. 48 at 21–22 (providing the Magistrate Judge's analysis and ruling regarding the Motion for Discovery).) Instead, Petitioner argues that he "should not be required to re-file the motion like [Magistrate] Judge Eifert . . . suggest[s]." (ECF No. 49 at 7.)

---

[5] To the extent that Petitioner asserts that *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), has any application to the issues in this opinion, he is incorrect. *Martinez* does not provide a § 2254 petitioner a freestanding constitutional right to the effective assistance of counsel in state collateral post-conviction proceedings. Instead, it carves out a limited exception to procedural default doctrine, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. In other words, *Martinez* held only that the ineffectiveness of a petitioner's state habeas counsel may provide cause in a federal habeas proceeding to excuse the petitioner's failure to challenge the ineffectiveness of his trial counsel during the pendency of the state habeas proceeding. To the extent that Petitioner is asserting that the state habeas proceeding somehow contained a *Martinez* error, such a claim is not cognizable in this case for the reasons explained in this opinion.

As Magistrate Judge Eifert ruled on this motion, this Court's standard in reviewing her ruling is provided by Federal Rule of Civil Procedure 72(a). *See, e.g.*, *HSBC Bank USA, Nat'l Ass'n v. Resh*, Civil Action No. 3:12–cv–00668, 2014 WL 317820, at *6 (S.D. W. Va. Jan. 28, 2014) ("Federal Rule of Civil Procedure 72(a) . . . governs a district court's review of a magistrate's order regarding a non-dispositive matter."). Pursuant to Rule 72(a), "[o]nly if a magistrate judge's decision is 'clearly erroneous or contrary to law' may a district judge modify or set aside any portion of the decision." *White v. Chapman*, No. 1:14cv848(JCC/IDD), 2015 WL 4360329, at *2 (E.D. Va. July 14, 2015) (citing Fed. R. Civ. P. 72(a)). *See generally Boothe v. Ballard*, Civil Action No. 2:14-cv-25165, 2016 WL 1275054, at *60–61 (S.D. W. Va. Mar. 31, 2016) (discussing the "clearly erroneous" and "contrary to law" standards of review for when a district court reviews a ruling by a magistrate judge).

The Magistrate Judge found—and Petitioner does not contest—that his Motion for Discovery is premature because "Respondent has yet to file his answer along with the necessary transcripts from [Petitioner's] state court proceedings." (ECF No. 48 at 22.) As this motion is premature at the present preliminary stage of these proceedings, the Court finds that it was neither clearly erroneous nor contrary to law for the Magistrate Judge to deny this motion without prejudice, rather than permit this motion to remain pending on the docket. Indeed, Petitioner's request for discovery may materially change once the record is supplemented with Respondent's answer to the Petition and the transcripts from Petitioner's state proceedings. There is no reason to leave this premature and potentially moot motion pending on the docket and, as such, the Court shall not disturb the Magistrate Judge's decision to deny Petitioner's Motion for Discovery without prejudice. As the Magistrate Judge noted, Petitioner "may again move to conduct discovery" after

13

"Respondent has filed his answer and the pertinent transcripts," as the Court—or the Magistrate Judge—will then "have the requisite foundation for adjudicating such a motion." (ECF No. 48 at 22.)

Accordingly, the Court **OVERRULES** Petitioner's Objections as to the Magistrate Judge's ruling on the Motion for Discovery, (ECF No. 49 at 7), and **AFFIRMS** the Magistrate Judge's ruling denying this motion without prejudice, (ECF No. 48 at 21–22).

### *IV. Conclusion*

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections, (ECF No. 49), **ADOPTS** the PF&R, (ECF No. 48), to the extent it is consistent with this Memorandum Opinion and Order, **DENIES** Petitioner's Motion for Partial Summary Judgment, (ECF No. 25), Motion for Default Judgment, (ECF No. 42), and Request to Stay, (ECF No. 32 at 4), and **AFFIRMS** Magistrate Judge Eifert's denial of the Motion for Discovery without prejudice, (ECF No. 48 at 21–22).

As the Petition now includes both exhausted and unexhausted claims and a stay of this matter pending total exhaustion is not warranted, the Court **ORDERS** Petitioner to notify the Court within **30 days** of the entry of this Opinion whether he (1) voluntarily withdraws the entire Petition; or (2) withdraws the unexhausted claims discussed herein—as included in the Petition through the amendment, (*see* ECF No. 32 at 2 (providing the three unexhausted claims))—and waives the Court's review of these unexhausted claims.[6] If Petitioner fails to provide the requisite notice to the Court within the proscribed timeframe, the Court may dismiss the Petition without prejudice.

---

[6] In the Objections, Petitioner expresses an intent to withdraw the unexhausted claims if the Court finds that a stay of this action pending total exhaustion is not appropriate. (ECF No. 49 at 6.) While this statement reflects an intent on the part of Petitioner, it does not provide an explicit statement that Petitioner does, in fact, withdraw the unexhausted claims. (*See id.*) As such, the Court requires notice from Petitioner as to whether he withdraws the unexhausted claims,

14

Case 2:14-cv-26284 Document 50 Filed 09/23/16 Page 15 of 15 PageID #: 358

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Opinion to counsel of record and any unrepresented party.

        ENTER:       September 23, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

or the Petition, in its entirety.