IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

        Petitioner,

v.                                          Case No. 2:14-cv-26284

DAVID BALLARD, Warden,
Mt. Olive Correctional Complex,

        Respondent.

**PROPOSED FINDINGS AND RECOMMENDATIONS**

    Pending before the Court in this 28 U.S.C. § 2254 action are Petitioner Jonathan Joseph Lind's ("Lind") motion for leave to amend his petition and motion for stay and abeyance, (ECF No. 78), and Respondent's motion to deny Lind's attempt to amend the petition, (ECF No. 72). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

    For the reasons that follow, the undersigned **GRANTS** Lind's motion for leave to amend the petition, **DENIES** Respondent's motion to deny Lind's attempt to amend the petition, and **FINDS** that Lind is entitled to a stay as he completes exhaustion of his state remedies. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **GRANT** Lind's motion for a stay and hold his habeas petition in **ABEYANCE** pending exhaustion of his state remedies. In light of the timeliness

1

concerns reflected in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, the undersigned further **RECOMMENDS** that the District Judge require that Lind return to federal court within **thirty (30) days** after he has exhausted his state court remedies.

## I.     Relevant Procedural History

On March 28, 2007, Lind was convicted by a Kanawha County, West Virginia jury of one count of second-degree murder, one count of first-degree robbery, and three counts of forgery of a credit card. (ECF No. 1 at 1). He was sentenced to a term of imprisonment of 33 to 150 years. (*Id.*) Lind appealed his conviction and sentence to the Supreme Court of Appeals of West Virginia ("SCAWV"), which denied his appeal on March 20, 2008. (*Id.* at 2).

On October 2, 2008, Lind filed a petition for a writ of habeas corpus in the Circuit Court of Kanawha County, West Virginia (the "circuit court"). (*Id.*) After holding an evidentiary hearing, the circuit court denied the petition on April 17, 2009. (*Id.* at 3). Lind did not appeal this judgment, but he later filed a second petition for a writ of habeas corpus in the circuit court on November 17, 2009. (*Id.* at 3, 8). In this petition, Lind complained in part about his underlying conviction and sentence, and in part about perceived deficiencies in the first habeas proceeding. (*Id.* at 3). Another evidentiary hearing was conducted, and the circuit court issued an order on January 9, 2014 denying Lind relief. (*Id.*)

Prior to appealing the circuit court's denial of his second state habeas petition, Lind filed in this court a petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). Lind explained in a contemporaneous motion that he filed his § 2254 petition before exhausting his state court remedies because his

appointed appellate attorney had taken no action in his second state habeas case and he was concerned that the one-year statute of limitations under the AEDPA would expire and he would lose the opportunity for federal habeas review. (ECF No. 3 at 2). Lind's state appellate counsel subsequently filed Lind's appeal in the SCAWV. On March 26, 2015, while the state court appeal was pending, the undersigned issued Proposed Findings and Recommendations ("PF&R), recommending dismissal of Lind's federal habeas petition for failure to exhaust state court remedies. (ECF No. 20). In August 2015, the SCAWV issued a memorandum opinion denying Lind relief. *See* (ECF Nos. 24 at 2, 79 at 4). In view of the SCAWV's opinion, the instant federal proceeding was temporarily stayed pending finalization of the appeal. (ECF Nos. 24 at 3-4). On September 30, 2015, the SCAWV issued a mandate affirming the circuit court's denial of Lind's second state habeas petition, (ECF No. 30 at 2), and the temporary stay in this matter was lifted. (ECF No. 31).

Lind then moved to amend his § 2254 petition in January 2016 to add the following three claims: (1) Lind's state habeas counsel rendered ineffective assistance, (2) the circuit court erred because it failed to render specific findings of fact and conclusions of law on all grounds, and (3) the circuit court violated Lind's right to due process by denying his motion for co-counsel. (ECF No. 32). The same month, Lind filed a third state habeas petition in the circuit court; he asserted the same foregoing three grounds that he sought to add to his § 2254 petition. (ECF No. 79-12 at 5, 30-43). Lind thereafter amended the third state habeas petition to include the following four additional grounds: there was insufficient evidence to support one of Lind's forgery convictions and the jury was not instructed regarding the requirement of intent, which is an essential element of the crime of first-degree robbery, (ECF No. 79-14 at 6); the

sentencing order did not include findings to support Lind's substantial sentence for his robbery conviction, (ECF No. 51-1); and the grand jury was not instructed regarding the element of intent with respect to the charge of first-degree robbery, which led to a defective indictment, (ECF No. 79-14). Lind argued that his state habeas counsel was ineffective by not raising and developing these claims in his second state habeas petition.

On April 27, 2016, while Lind's third state habeas petition was pending in the circuit court, the undersigned filed a second PF&R regarding several of Lind's pending motions. (ECF No. 48). The undersigned granted Lind's motion to amend his petition to add three unexhausted grounds, including the following: (1) Lind's state habeas counsel was constitutionally ineffective; (2) the circuit court erred by not rending specific findings of fact and conclusions of law on all grounds; and (3) the circuit court erred by denying Lind's motion for co-counsel. (*Id.*). Due to the fact that the three newly-added grounds were the subject of Lind's pending third state habeas petition and were admittedly unexhausted without any applicable exception to the exhaustion requirement, the undersigned recommended that the presiding District Judge order Lind to state whether he wished to withdraw his federal habeas petition, or delete the unexhausted claims and proceed with the exhausted claims. (*Id.*). The undersigned also found that Lind's request for a stay should be denied because the unexhausted claims lacked merit in a federal habeas proceeding. (*Id.*).

On September 23, 2016, the presiding District Judge entered a memorandum opinion and order, agreeing that a stay was not warranted to allow Lind to exhaust the newly added claims, because the claims lacked merit. (ECF No. 50). Lind was ordered to notify the Court within 30 days as to whether he wished to voluntarily dismiss his

4

federal petition or withdraw the unexhausted claims and waive this Court's review of such claims. (*Id.* at 14).

Instead of complying with the Court's order, on September 28, 2016, Lind filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and requested a certificate of appealability in the event that his Rule 59(e) motion was denied. (ECF No. 51). Before this Court could rule on that motion, the circuit court denied Lind's third state habeas petition on October 26, 2016. (ECF No. 79-14). Lind filed an appeal of the decision in the SCAWV. In the appeal, Lind argued, *inter alia*, that the circuit court violated his right to due process in ruling that Lind's challenge to the indictment was waived. (ECF No. 79-15 at 6-9). He explained that the indictment charging him with first-degree robbery was defective because the grand jury was not presented with the statutory element of intent and the circuit court erroneously found that the issue was waived, although, according to Lind, a challenge to an indictment can never be waived. (*Id.*). Lind also argued that he was denied due process and a fair trial because the circuit court failed to instruct the jury at trial regarding the element of intent, which is required to sustain a conviction for first-degree robbery. (*Id.* at 9-17). In addition, Lind argued that the sentencing order in his case did not provide reasons for the 80-year robbery sentence, as required by law, and the trial court did not consider mitigating evidence in imposing the sentence. (*Id.* at 17-19). Finally, Lind contended that the circuit court did not explain its finding that the "trial record reflects sufficient evidence to support the forgery conviction." (*Id.* at 21).

On May 31, 2017, this Court entered an Order finding that Lind's Rule 59(e) motion to alter or amend judgment was premature because final judgment was not entered. The Court also declined to issue a certificate of appealability as Lind had not

5

made a substantial showing of the denial of a constitutional right. (ECF No. 59 at 2-3). Finally, the Court dismissed Lind's three unexhausted claims without prejudice and re-referred the matter to the undersigned. (*Id.* at 3).

On June 15, 2017, Lind filed a "motion to confirm," stating that the Court's May 31, 2017 Order did not state whether Lind could raise four grounds that were included in his Rule 59(e) motion, including his claims that (1) the indictment was defective as to the robbery charge, (2) the circuit court failed to instruct the jury on all of the elements of robbery, (3) the circuit court provided an insufficient sentencing record to sustain his robbery sentence, and (4) there was insufficient evidence to sustain one of his forgery convictions. (ECF No. 62 at 1). Later that month, Lind filed an amended § 2254 petition without seeking leave of court, which added the foregoing four new grounds. (ECF No. 63).

Respondent subsequently filed a motion to deny Lind's attempt to amend his petition. Respondent argued that the claims which Lind wished to add to the petition were unexhausted, and he should be precluded from adding unexhausted claims to the federal petition when Lind's other three unexhausted claims were just dismissed. Respondent contended that Lind's amendment was merely a veiled attempt to stay this matter, although the court had recently denied a stay. (ECF Nos. 72, 73). In response, Lind claimed that three of the four additional grounds that he sought to include by amendment were his "strongest grounds" for habeas relief, and if they were dismissed in this action, he would be "effectively time-barred" from seeking federal review of the claims because he could not re-type his entire petition within the time remaining under the one-year statute of limitations. (ECF No. 75).

6

On August 23, 2017, the undersigned entered an Order denying Lind's "motion to confirm" as procedurally inappropriate; directed Lind to file a motion for leave to amend the petition and motion for stay and abeyance, if such filings reflected his intentions in this case; and ordered Respondent to file a timeline, with any relevant documents, supporting his statement that a stay of this action was not warranted. (ECF No. 76). As directed, Lind filed the pending motion for leave to amend his petition and motion to defer these proceedings until exhaustion is complete or to, alternatively, stay the proceeding. (ECF No. 78). In the motion, Lind confirms that the additional grounds he wishes to add by amendment include the following: (1) the indictment was defective because the grand jury was not instructed regarding the intent element of first-degree robbery, (2) Lind was denied due process and his right to a fair trial when the trial court failed to instruct the jury on all elements of robbery, (3) Lind's right to due process was violated due to the trial court's insufficient sentencing record to justify the robbery sentence, and (4) there was insufficient evidence to support a forgery conviction. (*Id.* at 1). Lind incorporates by reference his previously filed amended petition in support of each additional ground. (*Id.*). Lind asserts that he had to file a third state habeas action to exhaust these grounds due to ineffective state habeas counsel. Further, Lind argues that Respondent is not prejudiced by the amendment, noting that Respondent does not argue prejudice, but merely states that Lind is trying to stall this action. (*Id.* at 3).

Respondent filed a timeline in support of his opposition to Lind's motion for a stay and abeyance. (ECF No. 79). Respondent concludes that Lind has twenty days remaining of the one-year AEDPA statute of limitations, which he argues is sufficient

7

time for Lind to file a federal petition, if he receives an adverse ruling on his unexhausted claims in the SCAWV. (ECF No. 79).

On October 13, 2017, the SCAWV entered a memorandum decision denying Lind's appeal of the circuit court's dismissal of his third habeas petition. *See Lind v. Ballard,* No. 16-1033 (W. Va. Oct. 13, 2017). Three days later, Lind filed a Petition for Rehearing. (ECF No. 82-1). Under West Virginia's Rules of Appellate Procedure, an unsuccessful party may petition for a rehearing after issuance of a memorandum decision. W. Va. R. App. P 21(f). Generally, a petition for rehearing is ripe for review fifteen days after its filing. W. Va. R. App. P 25(d). Petitions for rehearing are granted only in exceptional cases, and when a petition for rehearing is denied, the SCAWV typically issues a mandate finalizing its memorandum decision within seven days after the denial. W. Va. R. App. P. 25(b), 26(b).

## II. Discussion

Lind's contemporaneous state and federal habeas proceedings, which include three state habeas petitions and various amendments, have resulted in a complex procedural history and unique procedural posture. Presently, Lind seeks leave to amend his federal habeas petition to add four claims, which are concededly unexhausted, but are currently pending exhaustion in the SCAWV. Lind further seeks a stay and abeyance in this matter until the SCAWV finalizes his aforementioned appeal, which Lind contends will result in total exhaustion of his federal habeas claims.

Lind was previously permitted to amend his § 2254 petition to add three unexhausted claims. As the undersigned explained at that time, the rules governing amendment of federal habeas petition enumerates that amendments are allowed in accordance with Rule 15 of the Federal Rules of Civil Procedure. As provided in Rule

15, a party may amend its pleading once as a matter of course upon certain specified conditions, but otherwise may amend only with the opposing party's consent or the court's leave. (ECF No. 48 at 11-12). Nevertheless, leave to amend should be "given freely, absent bad faith, undue prejudice to the opposing party, or futility of amendment." *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (citations omitted); *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("The law is well settled 'that leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.' Delay alone is an insufficient reason to deny leave to amend. Rather, the delay must be accompanied by prejudice, bad faith, or futility.") (citations omitted) (emphasis in original).

      Here, Lind amended his petition once as a matter of course; thus, the inquiry turns to whether the proposed amendment should be denied because it is sought in bad faith, unduly prejudicial to Respondent, or futile. As an initial matter, Respondent does not contend that he would be unduly prejudiced by Lind's amendment. (ECF No. 73). Indeed, Respondent has not been ordered to respond to Lind's petition and there does not appear to be any other indication that Lind's amendment would be unduly prejudicial to Respondent.

      Rather, Respondent argues that it would be futile to allow Lind to add unexhausted claims to his petition when the Court previously dismissed Lind's other unexhausted claims and denied a stay in this matter. Respondent argues that Lind is attempting to stall this proceeding as he completes exhaustion of his claims in state court. (*Id.*). A review of the case law reveals that some district courts within the United States Court of Appeals for the Fourth Circuit have declined to allow the amendment

of unexhausted claims to § 2254 petitions on the basis of futility. *See May v. Ballard*, No. 5:11-CV-82, 2012 WL 4356799, at *28-29 (N.D.W. Va. Aug. 9, 2012), *report and recommendation adopted*, 2012 WL 4356794 (N.D.W. Va. Sept. 24, 2012); *Hardy v. Clarke*, No. 3:16CV963-HEH, 2017 WL 2683894, at *2 (E.D. Va. June 21, 2017); *Caldwell v. Wood*, No. 3:07-CV-41, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010). However, such cases offer facts and procedural circumstances that are readily distinguishable from the present action. For instance, petitioners have been disallowed from amending their § 2254 petitions to add claims that were never presented to the state courts or because the proposed amendment was facially meritless or time-barred. *May*, 2012 WL 4356799, at *28-29 (Petitioner was denied leave to amend § 2254 petition to add claims that were never presented to the state courts and court dismissed entire § 2254 petition on summary judgment); *Hardy*, 2017 WL 2683894, at *2 (Petitioner was not allowed to amend federal habeas petition when he never filed a state habeas action and, thus, his entire federal petition was dismissed as unexhausted); *Caldwell*, 2010 WL 5441670, at *17 (W.D.N.C. Dec. 28, 2010) (Petitioner was denied leave to add unexhausted claims where amendment was untimely and proposed claims were meritless). Notably, the decision whether to grant leave to amend a pleading is within the Court's sound judgment and reviewed only for abuse of discretion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)

The claims that Lind wishes to add to his federal habeas petition are nearing completion in the SCAWV. (ECF Nos. 78, 79-15). Further, an amendment to Lind's petition at this point is well within the 365-day AEDPA period. The undersigned previously discussed that when Lind's second state habeas petition was pending, the 365-day period within which he was permitted to file a federal habeas action under the

AEDPA was tolled and, at that time, he had used **194 days** of the 365-day limitation period. (ECF No. 20 at 9-10). The SCAWV subsequently issued a mandate affirming the circuit court's denial of Lind's second state habeas petition on September 30, 2015. (ECF No. 30 at 2). Thus, on October 1, 2015, the AEDPA clock began running again and ran until January 28, 2016, the day before Lind filed his third state habeas petition in the circuit court. (ECF No. 79-12). This period comprised an additional **120 days** of the 365-day period. As noted, Lind filed an appeal of the denial of his third state habeas petition and this action remains pending in the SCAWV. As the AEDPA period has been tolled since Lind filed his third state habeas action on January 29, 2016, Lind has used a total of **314 days** of the 365 days available to him under the AEDPA, leaving **51 days** remaining.

It is not apparent from the record before the Court, nor has Respondent argued, that the claims which Lind seeks to include in his § 2254 petition by amendment are plainly meritless. *See, e.g., Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face."). Lind contends that his constitutional rights were violated because the grand jury and petit juries in his case were not instructed regarding the requirement of intent, a key element of the crime of aggravated robbery, and also that the trial court failed to provide necessary justification for his substantial sentence for his robbery conviction and that there was insufficient evidence to sustain a forgery conviction. Considering the record before the Court, the undersigned is not in the position to find that Lind's proposed claims on habeas review are entirely without merit.

Ultimately, it is within the Court's discretion to grant Lind leave to amend his § 2254 petition. In furthering the federal policy of resolving cases on their merits, and noting that the motion to amend is timely, the undersigned **GRANTS** Lind's motion for leave to amend his petition, (ECF No. 78). Therefore, Respondent's motion to deny Lind's attempt to amend the petition, (ECF No. 72), is **DENIED** and Lind's previously filed amended petition, (ECF No. 63), stands as Lind's amended petition.

Finding that Lind is permitted to amend his petition, the analysis next turns to Lind's request for a stay in this matter as he completes exhaustion of his claims in state court. Lind concedes that the four claims at issue are unexhausted, as they are presently pending in his third state habeas petition appeal in the SCAWV. Lind does not argue, and there is no indication, that any exception to exhaustion applies. In fact, the SCAWV has recently ruled on the appeal; thus, there is no evidence of inordinate delay or some other circumstance, which renders the state corrective process unavailable. *See* (ECF No. 48 at 14-17) (explaining that the federal rules regarding exhaustion and procedural default).

Lind previously requested that this federal action be stayed as he exhausted his state remedies. The undersigned first recommended that Lind be denied a stay during the pendency of his second state habeas action, as he did not show any good cause or a time-bar hardship sufficient to warrant a stay. (ECF No. 20 at 9-11). At that time, Lind had used only 194 days of the 365-day AEDPA period. (*Id.* at 10). Nonetheless, given that finalization of the pending state appeal was imminent, and finalization would have exhausted Lind's then-pending claims, the presiding District Judge granted Lind a short stay. (ECF No. 24). Later, Lind was denied a stay during the pendency of his third state habeas petition in the circuit court. (ECF Nos. 48, 50). Significantly, the request

12

for stay was primarily denied, because the unexhausted claims were not potentially meritorious. (ECF No. 48 at 18).

Presently, Lind's amended petition contains four unexhausted claims, which have been addressed by the SCAWV and are now the subject of a petition for rehearing, which should be resolved expeditiously. Further, Lind asserts as good cause for his failure to exhaust that his state habeas counsel failed to develop and raise all valid grounds for habeas relief, erroneously advised him as to what claims should be or would be raised, and misled him regarding his second state habeas action. (ECF No. 78 at 2-5). Moreover, while Respondent contends that Lind is attempting to stall this action, there is no evidence that Lind intentionally tried to delay this proceeding or his state habeas actions. In fact, Lind is adamant that he is "doing all that he can to achieve final exhaustion" so that he can receive federal review of his claims, if he does not receive relief in state court. (*Id.* at 3). Despite a conflation of factors, Lind's habeas claims are now nearing exhaustion in the SCAWV.

Therefore, although Lind is not time-barred from seeking federal habeas relief should his unexhausted claims be dismissed in this action, and despite the mandate that stays should be issued sparingly in § 2254 cases, the undersigned **FINDS** that the unique procedural history, posture, and circumstances of this particular action counsels that a short stay is appropriate as the SCAWV completes exhaustion of Lind's now-pending habeas claims. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (Stay and abeyance is appropriate in limited circumstances in which the district court determines that "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").

13

### III. Proposal and Recommendations

The undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** as follows**:**

1. Lind's motion for a stay and abeyance, (ECF No. 78), be **GRANTED**;

2. Lind be **GRANTED** a **STAY** so that he may complete exhaustion of his state court remedies for his unexhausted claims; and

3. Lind's habeas petition be held in **ABEYANCE** pending exhaustion of state court remedies, and Lind be required to return to federal court within **thirty (30) days** after he has exhausted his state court remedies and seek to lift the stay.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

the opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner, Respondent, and any counsel of record.

**FILED:** October 23, 2017

Cheryl A. Eifert
United States Magistrate Judge