IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

        Petitioner,

v.                                                      CIVIL ACTION NO. 2:14-cv-26284

DAVID BALLARD,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner's motion for leave to amend his petition and motion to stay, (ECF No. 78), and Respondent's motion to deny Petitioner's attempt to amend the petition, (ECF No. 72).[1] Petitioner, an inmate at Mount Olive Correctional Complex, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Because Petitioner proceeds *pro se*, this action has been referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings of fact and recommendations for disposition ("PF&R"). On October 23, 2017, Magistrate Judge Eifert entered a PF&R finding that Petitioner is entitled to a stay while he exhausts his state remedies and recommending that the Court grant

---

[1] Also pending is Petitioner's Motion to Proceed on Appeal without Prepayment of Fees. (ECF No. 65.) Petitioner's appeal was dismissed by the Fourth Circuit seventeen days after the motion's filing upon Petitioner's motion to voluntarily dismiss the appellate case. Thus, the Court **DENIES AS MOOT** the motion related to that previous appeal.

1

his motion to stay and hold the habeas petition in abeyance pending exhaustion of state court remedies.[2] (ECF No. 83.)

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Petitioner's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on November 9, 2017. To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 83), **GRANTS** Petitioner's motion to stay, (ECF No. 78), **STAYS** this case to allow Petitioner to pursue state court remedies for his unexhausted claims, and **HOLDS IN ABEYANCE** Petitioner's amended habeas petition pending exhaustion of state court remedies. This case is **REMOVED** from the active docket of this Court. The Court further **ORDERS** that Petitioner return to this Court within thirty days after exhausting his state court remedies to request that the stay be lifted.

**IT IS SO ORDERED**.

---

[2] In the PF&R, Magistrate Judge Eifert granted Petitioner's motion for leave to amend his petition, (ECF No. 78), and denied Respondent's motion to deny Petitioner's attempt to amend, (ECF No. 72). As such, Petitioner's previously filed amended petition, (ECF No. 63), stands as the amended petition in this case.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 17, 2017

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE