IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

            Petitioner,

v.                                 CIVIL ACTION NO.  2:14-cv-26284

DAVID BALLARD,

            Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Petitioner Jonathan Lind's ("Petitioner") (1) Motion for Leave to File Martinez Brief, (ECF No. 94); (2) Motion for Appointment of Counsel to Conduct Discovery and Expand the Record to fully Develop Martinez Claims and for an Evidentiary Hearing and Motion to Provide Supplemental Information, (ECF No. 95); (3) Motion for Extension of Time to File Objections to the Proposed Findings and Recommendations ("PF&R"), (ECF No. 102); (4) Emergency Motion to Supplement the Record and Motion to Strike the Proposed Findings and Recommendation ("PF&R"), (ECF No. 118); and (5) Motion for Appointment of Counsel to Conduct Discovery to Expand the Record, (ECF No. 119).  For the reasons discussed herein, the Court **DENIES** Petitioner's motions.

*I.    BACKGROUND*

A detailed recitation of the complete factual and procedural history of this case are not necessary to resolve the pending motions.  The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Petitioner's motions.

II.     LEGAL STANDARD

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1995)); *cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

III.     DISCUSSION

The relief sought in Petitioner's motions are overlapping and have been consolidated for clarity. Each is discussed below.

A. *Appointment of Counsel to Conduct Discovery to Expand the Record*

Petitioner seeks appointment of counsel to conduct discovery and expand the record. (ECF Nos. 95, 119; *see also* ECF Nos. 94 at 1; 118 at 4.) Under Rule 6(a) of the Rules Governing 28 U.S.C. § 2254 cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure." However, under Rule 6(b), the party requesting discovery "must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." Then, under 6(a), "[i]f necessary for effective discovery, the judge may appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

Here, Petitioner does not provide any clear justification for allowing discovery. Rather, the bulk of Petitioner's motions discuss the merits of Petitioner's ineffective assistance of counsel claims—which were procedurally defaulted—and summarily reason that appointment of counsel is necessary "to conduct discovery to expand the record so Petitioner will have an adequate

2

opportunity to demonstrate cause and prejudice[.]" (ECF No. 119 at 4; *see* ECF No. 95 at 1-3.) The only rationale Petitioner seemingly offers for allowing discovery is that the Court needs to hear testimony from certain witnesses to determine the merits of his *Martinez* brief, and, without discovery, he cannot prove the "cause" prong in his *Martinez* claim.[1] (ECF No. 95 at 3.)

The witnesses Petitioner wants to elicit testimony from are his mother, his siblings, his brother-in-law, his ex-girlfriend, and Dr. Miller. (*Id.* at 1, 3.) Petitioner claims that his mother can testify regarding his drug use, an incident in which Petitioner saved her life, and how Petitioner's father's death affected him; his siblings can testify that he "was not a violent person, was a chronic drug user, mental illness runs in the family, and how . . . the death of Petitioner's father [a]ffected Petitioner"; his ex-girlfriend could testify regarding his drug use and the fact that Petitioner was never violent with her; and Dr. Miller[2] can testify to, *inter alia*, his expert opinion that Petitioner does have a mental disease or defect, (id. at 3, n.3).

Petitioner also wants the video recording of the June 1, 2007, sentencing hearing, (*id.* at 3), because it will show that his trial counsel abandoned his strategy of calling Dr. Miller as a witness

---

[1] An exception to the doctrine barring procedurally defaulted claims from being heard exists "where a petitioner can show [] cause for the default and prejudice therefrom[.]" *Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004). Petitioner specifically argues his ineffective assistance of counsel claims are not procedurally barred under the "*Martinez*" exception:

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (third and fourth alterations in original) (emphasis omitted) (quoting *Martinez v. Ryan*, 566 U.S. 1, 13-18 (2012).

[2] Petitioner also states that Dr. Miller could testify regarding the trial court's decision to not allow his expert testimony. (ECF No. 95 at 1.) This fact Petitioner wishes to adduce is already on the record, as that is one of Petitioner's grounds for habeas corpus. (ECF No. 63 at 5.)

3

for purposes of sentencing, (ECF No. 119 at 2). Lastly, Petitioner seeks to obtain the McDonald's drive through surveillance video. (ECF No. 95 at 3.) Although Petitioner does not offer a reason for needing the McDonald's video in his motions, (*see* ECF Nos. 94, 95, 118, 119), his federal habeas petition claims that his video would show that Jones, not Petitioner, used the victim's credit card to purchase food at McDonald's, (ECF No. 63 at 13).

However, most of the evidence Petitioner seeks to elicit is already on the record. Petitioner testified at trial regarding the death of his father, and Dr. Miller's report mentioned that Petitioner saw school counselors following his father's death and that he was prescribed Valium at that time. (ECF Nos. 90-3 at 126; 90-11 at 11.) Dr. Miller's report also included an opinion that Petitioner suffers from a mental illness and drug addiction. (*See* ECF No. 90-11.) Additionally, while the Court does not have the video recording of the sentencing hearing, the transcript is on the record. (ECF No. 90-3 at 259.) Similarly, while the Court does not have the McDonald's surveillance video, testimony from Detective Rowsey that the video showed Steven Jones ("Jones") driving the car through the McDonald's drive through is in the record. (ECF No. 90-2 at 188.)

Thus, the only new evidence Petitioner seeks is testimony from his family and ex-girlfriend that he was not a violent person and that he saved his mother's life once.[3] This is insufficient to

---

[3] The Court also does not have the specific evidence that Jones—rather than Petitioner—handed the credit card to the cashier at the McDonald's drive through. However, the Court is not convinced that a violation of W. Va. Code Ann. § 61-3-24a(c), which identifies forgery of a credit card as when a person "makes, manufactures, presents, embosses, alters or utters a credit card with intent to defraud any person," requires said person to *directly* use the credit card. For example, "to utter" simply means to put or send (a document) into circulation." *Utter*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, the Court's analysis may not change if the video shows that Petitioner gave the credit card to Jones, who handed it to the cashier at McDonald's, and Petitioner does not offer a substantive argument on the issue. Of course, as a *pro se* litigant, Plaintiff is afforded a liberal construction, but this does not require the Court "to act as an advocate for a *pro se* litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), or "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

show "good cause," and, thus, the Court declines to permit discovery or appoint him counsel under Rule 6(a) of the Rules Governing § 2254 cases.

Further, while there is no constitutional right to counsel in civil cases, the Court nevertheless may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Mallard v. United States District Court*, 490 U.S. 296 (1989); *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir.1978), *cert. denied*, 439 U.S. 970 (1978) ("If it is apparent to the district court that a *pro se* litigant has a colorable claim but lacks the capacity to present it, the court should appoint counsel to assist him."). However, courts should exercise their discretion to appoint counsel for *pro se* civil litigants "only in exceptional" circumstances. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. 296. The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant*, 739 F.2d at 163 (quotation omitted).

Liberally construed, Petitioner's motion, (ECF No. 118), shows that his *Martinez* claim is complex, *see Whisenant*, 739 F.2d at 163. Nevertheless, it appears that Petitioner has the capacity to present this claim. To start, Petitioner has shown that he has the wherewithal and ability to communicate with the Court and manage his case on his own. Further, Petitioner has filed multiple motions related to his *Martinez* claim. The Court notes that Petitioner argues that he cannot conduct discovery because he is in prison, (ECF No. 95 at 2), and needs counsel to depose his trial counsel, (ECF No. 119 at 2-3). While the Court understands that Petitioner's incarceration undoubtedly makes it more difficult for him to pursue his lawsuit, these circumstances do not, in and of themselves, satisfy the "exceptional" standard necessary to justify

5

the appointment of counsel. *See Louis v. Martinez*, Case No. 5:08-cv-151, 2010 WL 1484302, at \*1 (N.D. W. Va. Apr. 12, 2010) (Stamp, J.) (denying appointment of counsel where inmate was housed in the special housing unit, subjected to continuous lock down, with restricted access to the law library and no opportunity to obtain legal assistance from fellow inmates); *see also Christian v. Hale,* 2019 WL 7559789, at \*1 (S.D.W. Va. June 27, 2019), *report and recommendation adopted*, 2019 WL 3801549 (S.D. W. Va. Aug. 13, 2019) (Chambers, J.) (a *pro se* litigant's lack of legal training, education, and funds to hire counsel do not satisfy the "exceptional" standard). As such, based on the current state of the record, there are no exceptional circumstances necessitating appointment of counsel.

Thus, Petitioner's motions, (ECF No. 94, 95, 118, 119), are **DENIED** insofar as they seek to an appointment of counsel and/or to conduct discovery.

B. *Strike the PF&R*

Petitioner's Motion to Strike the PF&R urges the Court to disregard the United States Magistrate Judge's findings as erroneous, (*see* ECF No. 118 at 2), which the Court construes as objections to the PF&R. However, a failure to file timely objections to the PF&R constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In this case, objections to the PF&R were due by December 21, 2020, (ECF No. 113), but Petitioner's motion to strike was not filed until March 2, 2021, (ECF No. 118). Thus, construed as objections, Petitioner's motion, (ECF No. 118), is untimely and therefore is

**DENIED** to the extent it seeks to strike the PF&R.[4]  In any event, the matters raised in the motion are largely duplicative of arguments Petitioner asserts in the objections that he did file timely.

  C. *Supplement the Record*

Petitioner filed two motions seeking to supplement the record.  (ECF Nos. 95, 118.)  His Motion to Provide Supplemental Information, (ECF No. 95), offers (1) a letter from Petitioner's sister to Judge Webster, dated April 30, 2018; (2) a letter to Petitioner's second habeas counsel asking for an evidentiary video clip, dated April 13, 2018; (3) an affidavit by Petitioner regarding conversations with his siblings; and (4) a letter to Dr. Bobby Miller, inquiring whether any of Petitioner's attorneys contacted him to testify, dated April 21, 2018.  (*See* ECF No. 95-1.)  His Emergency Motion to Supplement the Record also seeks to introduce the letter from Petitioner's sister.  (*See* ECF No. 118.)

Under Rule 7(a) of the Rules Governing § 2254 cases, "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  However, under Rule 7(b), "[t]he materials that may be required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record."  Here, Petitioner's initial federal petition was filed on September 30, 2014, (ECF No. 1), and his amended petition was filed on June 30, 2017, (ECF No. 63).  Thus, because all the letters Petitioner offered are dated in 2018, they cannot be included in the record under Rule 7(b).

Further, Petitioner's affidavit regarding conversations with his siblings cannot be included in the record.  This affidavit purports to show that Petitioner's attorneys did not contact them to

---

[4] Petitioner also asserts that an evidentiary hearing and appointment of counsel are "necessary in this matter to allow [him] the opportunity to overcome the default in this matter."  (ECF No. 118 at 4.)  These issues are addressed below.

7

testify at Petitioner's sentencing.[5] (*See* ECF No. 95-1 at 2.) Petitioner reasons that "[t]his further demonstrates that no mitigating investigation was done by trial counsel, and that habeas counsels plainly failed to fully develop the mitigation at sentencing issue." (ECF No. 95 at 4.) However, this does not "relate" to his federal habeas petition because Petitioner never raised a claim based on trial counsel's failure to *investigate* mitigating evidence related to the witnesses Petitioner thinks should have been called to testify.[6] (*See* ECF No. 63 at 9-15.) While closely related, Petitioner's claim that his trial counsel was ineffective for "fail[ing] to call any witnesses during sentencing," (ECF No. 63 at 9-11), provides a different ground for relief than a claim that his trial counsel was ineffective for failing to *investigate* mitigating evidence. *See Mayle v. Felix*, 545 U.S. 644, 661 (2005) (explaining that different claims must be pleaded discretely).

Accordingly, Petitioner's motions seeking to supplement the record, (ECF Nos. 95, 118), are **DENIED**.

D. *Extension of Time to File Objections to the PF&R*

Petitioner's Motion for Extension of Time to File Objections to the PF&R was filed on November 15, 2018, (ECF No. 102), and is duplicative of his previous motion for an extension of

---

[5] Beyond the fact that Plaintiff's affidavit contains inadmissible hearsay, it also seeks to introduce information already in the record. For instance, the fact that Petitioner seeks to adduce from his sister's alleged statement that Petitioner's drug addiction played a role in the crimes of which he was convicted, (ECF No. 95-1), is present in Dr. Miller's report, (*see* ECF No. 90-11). The fact that Petitioner seeks to adduce from his sister's alleged statement that his mother's mental illness affected her ability to raise Petitioner, (ECF No. 95-1), is present, as his trial counsel told the jury that Petitioner's "mother has her own issues that render[ed] her almost incapable of raising [Petitioner]," (ECF No. 90-2 at 159). Additionally, Petitioner's allegation that his stepfather introduced him to crack cocaine, (ECF No. 95-1), is present in the record as it was included in Petitioner's federal habeas petition, (*see* ECF No. 63 at 26). Accordingly, to the extent Petitioner moved to supplement the record with those facts, his motion, (ECF No. 95), is **DENIED AS MOOT**.

[6] Similarly, Petitioner's claims that his "mental disease was never directly diagnosed," that Dr. Miller's "reasons why he came to the conclusion that Petitioner ha[s] a mental disease or defect [were] [n]ever stated on the state court record," (ECF No. 95-1), are irrelevant to any of Petitioner's claims. Also, the fact that "[m]ental disease runs in Petitioner's family," (*id.*), is irrelevant because no correlation has been shown between the history of mental illness in Petitioner's family and his own mental condition, and as discussed above, evidence of Petitioner's own mental health was presented. Thus, to the extent Petitioner moved to supplement the record with those facts, his motion, (ECF No. 95), is **DENIED**.

time filed on November 5, 2018, (ECF No. 100). The Court granted the initial motion on November 9, 2018, (ECF No. 101), and Petitioner subsequently filed objections to the PF&R on December 4, 2018, (ECF No. 103). Thus, Petitioner's Motion for Extension of Time to File Objections to the PF&R, (ECF No. 102), is **DENIED AS MOOT**.

### E. Evidentiary Hearing

Under Rule 8(a) of the Rules Governing § 2254 cases, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Similarly, the Fourth Circuit has held that where "§ 2254(e)(2) does not proscribe an evidentiary hearing . . . a § 2254 petitioner 'who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*.'"[7] *Wolfe v. Johnson*, 565 F.3d 140, 168 (4th Cir. 2009) (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006)). However, "federal evidentiary hearings ought to be the exception, not the rule." *Winston v. Kelly*, 592 F.3d

---

[7] The United States Supreme Court has noted that 28 U.S.C. § 2254(e)(2) "ensure[s] that '[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings.'" *Cullen v. Pinholster*, 536 U.S. 170, 186 (2011) (quoting *Williams v. Taylor*, 529 U.S. 420, 437 (2000)). It would be contrary to the statute's purpose "to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." *Id.* at 1399. However, courts have held that § 2254(e)(2) does not similarly constrain the court's discretion to expand the record to establish cause and prejudice to excuse a petitioner's procedural defaults, like in this case. *See, e.g.*, *Cristin v. Brennan*, 281 F.3d 404, 416 (3d Cir. 2002).

Further, the Court is not barred from holding an evidentiary hearing under 28 U.S.C. § 2254(e)(2), which prohibits a federal court from holding an evidentiary hearing "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings," because Petitioner's *Martinez* claim was developed. The state court allowed Petitioner to present evidence on all errors asserted in his amended habeas petition, including those that the circuit court denied in his initial habeas proceeding, and heard testimony from Petitioner and his trial and habeas counsels during the second omnibus evidentiary hearing. (*See* ECF No. 90-5 at 51: 17-20 (acknowledging that Petitioner had "moved to add a habeas claim" based on what "he refers to [as] the *Martinez* exception").)

535, 552 (4th Cir. 2010).

The six *Townsend* factors are: (1) the merits of the factual dispute were not resolved at the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas petitioner a full and fair fact hearing. 372 U.S. at 313.

Petitioner seeks an evidentiary hearing in multiple motions, arguing that an evidentiary hearing is necessary for him to prove the "cause" prong of his *Martinez* claim. (*See* ECF No. 95 at 3; *see also* ECF Nos. 94 at 8; 118 at 4; 119 at 4.) Based on a review of the record, the Court finds that an evidentiary hearing is not warranted because none of the *Townsend* factors are satisfied. There was an omnibus evidentiary hearing on all of Petitioner's claims, including his *Martinez* claim, and the record does not suggest that the state's determination was not supported, adequate or fair, or the material facts were not adequately developed. (*See generally* ECF No. 79-8 at 10).

Petitioner has moved to introduce additional evidence, which can be liberally construed as a claim of "newly discovered evidence," *Townsend*, 372 U.S. at 313. However, as discussed above, Petitioner's motions to supplement the record are denied, as well as his motions for appointment of counsel to conduct discovery. Further, even if these motions had been granted, Petitioner does not offer a "substantial allegation of newly discovered evidence," because the evidence offered was discoverable by reasonable diligence and consists mainly of his own affidavits and letters.

10

Accordingly, the motions, (ECF Nos. 94, 95, 118, 119), are **DENIED** to the extent Petitioner requests an evidentiary hearing.

F. *Leave to File Martinez Brief*

Lastly, Petitioner moves for leave to file a *Martinez* brief to attempt to defeat the procedural default on his ineffective assistance of counsel claims. (ECF No. 94.) He claims that his trial counsel failed to present available mitigating evidence, as discussed above, and that his habeas counsels did not fully develop this issue. (*Id.* at 4; *see also* ECF No. 63 at 9.) According to Petitioner, this denied the courts the ability to determine if Petitioner's ineffective assistance of trial counsel claims are meritorious. (ECF No. 94 at 4.)

For the reasons that will appear in the Court's forthcoming Memorandum Opinion and Order addressing the PF&R, (ECF No. 113), and Petitioner's objections thereto, (ECF Nos. 103, 116), Petitioner's motion for leave to file a *Martinez* brief, (ECF No. 94), is **DENIED**.

### IV.     CONCLUSION

For the foregoing reasons, Petitioner's motions, (ECF Nos. 94, 95, 102, 118, 119), are **DENIED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     March 31, 2022

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE