## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

                Petitioner,

v.                               CIVIL ACTION NO.   2:14-cv-26284

DAVID BALLARD,

                Respondent.

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jonathan Lind's ("Petitioner") Motion to Alter or Amend Judgment.   (ECF No. 132.)   For the reasons below, the Court **DENIES** the motion.

### I.      BACKGROUND

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 63, 88, 107.)   By Standing Order, this matter was referred to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R").   (ECF No. 9.)

On October 31, 2018, Magistrate Judge Eifert filed a PF&R ("First PF&R"), recommending that this Court deny Petitioner's Petition for Writ of Habeas Corpus, as well as other pending motions, and dismiss this matter from the Court's docket.   (ECF No. 99.) Petitioner filed objections to the First PF&R on December 4, 2018.   (ECF No. 103.)   Magistrate Judge Eifert filed another PF&R ("Second PF&R") on December 2, 2020, (ECF No. 113),[1]  which,

---

[1]  The factual background of Petitioner's conviction and state court proceedings is more thoroughly explained in the

1

other than addressing Petitioner's supplemental claims, (ECF No. 107), was substantially the same as the First PF&R.[2]  Petitioner filed objections to the Second PF&R on December 17, 2020. (ECF No. 116.)

On April 8, 2022, the Court issued a Memorandum Opinion and Order, making a *de novo* determination of the portions of both PF&Rs that Petitioner made objections to and finding that the state court's decision was neither contrary to, nor an unreasonable application of, federal law, nor was it an unreasonable determination of the facts presented in the state proceedings, and therefore habeas relief was not warranted.   (ECF No. 126.)     Consequently, the Court overruled Petitioner's objections, adopted the Second PF&R, denied Petitioner's Petition for a Writ of Habeas Corpus, and dismissed this matter with prejudice.   (*Id.*)   A judgment order reflecting the Court's ruling was entered contemporaneously.   (ECF No. 127.)

On the same day that the Court denied Petitioner's Petition for a Writ of Habeas Corpus and dismissed this matter from the docket, Petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals.   (ECF No. 128.)   Then, on April 27, 2022, Petitioner filed the pending Motion to Alter or Amend the Court's Memorandum Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e).[3]   (ECF No. 132.)   To date, Respondent has not filed a response.   As such, the motion is ripe for adjudication.

## II.    STANDARD OF REVIEW

---

Second PF&R.   (ECF No. 113.)

[2] As both PF&Rs are substantially the same, (*see* ECF Nos. 99, 113), the Court will refer to both documents as "the PF&R," but will identify the specific PF&R if they differ, in resolving the pending motion.

[3] "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."   *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).   Thus, "[u]nder pre-1979 [Federal Rules of Civil Procedure], a district court lacked jurisdiction to entertain a motion to vacate, alter, or amend a judgment after a notice of appeal was filed."   *Id.*   However, "[i]n 1979, the Rules were amended to clarify . . . the courts' respective jurisdictions."   *Id.* at 59.   Under the new Rule 4(a)(4), a district court has "express authority to entertain a timely motion to alter or amend the judgment under Rule 59, even after a notice of appeal had been filed."   *Id.*

Rule 59(e) allows a party to file a motion to alter or amend the judgment within twenty-eight days of the judgment's entry.  Fed. R. Civ. P. 59(e).  A motion under this rule is discretionary and "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice."  *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 406, 411 (4th Cir. 2010) (citing *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006) [hereinafter *Ingle*]).  A clear error finding requires a "definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see also TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) ("In order to justify reconsideration due to clear error, the error cannot be just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week old, unrefrigerated dead fish.").  The manifest injustice standard also "presents parties with a high hurdle."  *In re Yankah*, 514 B.R. 159, 166 (E.D. Va. 2014) (quoting *Westerfield v. United States*, 366 Fed. Appx. 614, 620 (6th Cir. Feb. 24, 2010)).  It requires that a "fundamental flaw" exists in a court's decision.  *See id.*

Consistent with these high standards, relief under this rule "is an extraordinary remedy which should be used sparingly."  *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted), *cert. denied*, 525 U.S. 1104 (1999) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).  The motion "may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment . . . ."  *Id.* (citations omitted).  Additionally, it is "improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through —

rightly or wrongly." *Norfolk S. Ry. Co. v. Nat'l Union Fire Ins. of Pittsburgh, PA*, 999 F.Supp.2d 906, 918 (S.D. W. Va. 2014) (Goodwin, J.) (citation and internal quotation marks omitted).

### III.    DISCUSSION

Petitioner asserts seven arguments in the pending motion.  (ECF No. 132.)  Each is discussed below.

#### A.  Appeal in Forma Pauperis

To start, Petitioner asks the Court to "reconsider its position" in denying without prejudice his motion to appeal in forma pauperis.  (ECF No. 132 at 1.)  There are three issues with this request.  First, this request is untimely under Rule 59(e), as more than twenty-eight days had passed since the Court denied Petitioner's Motion for Leave to Appeal in forma pauperis on September 3, 2021.  (ECF No. 123.)  Second, Petitioner does not offer any legal basis under Rule 59(e) to support this request.   In fact, this request flies in the face of the Rule 59(e) standard.  *See Norfolk S. Ry. Co.*, F.Supp.2d at 918.   Third, after Petitioner filed a notice of appeal, the Fourth Circuit granted Petitioner leave to proceed in forma pauperis.[4]  (ECF No. 133.)   Thus, the Court **DENIES** this portion of Petitioner's Rule 59(e) motion.

#### B.  Petitioner's McCoy claim

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  The Supreme Court has explained that, under the Sixth Amendment, "the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal."  *Jones v. Barnes*, 463 U.S. 745,

---

[4] Petitioner's original appeal was dismissed by the Fourth Circuit, (ECF No. 141), but not before the Circuit granted Petitioner in forma pauperis status, (ECF No. 133).   Assuming Petitioner also appeals this order, the Court anticipates that the Fourth Circuit will again address this issue.

751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).   On the other hand, "[d]ecisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed."   *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (internal quotation marks and citation omitted).

In *Florida v. Nixon*, the Supreme Court considered that division of authority when it held that counsel could concede commission of the crime at the guilt phase of a capital case in order to preserve credibility for the defense during the penalty phase, and that counsel could do so even though the defendant "never verbally approved or protested [the] proposed strategy."   543 U.S. 175, 181 (2004).   The Court concluded that "[w]hen counsel informs the defendant of the strategy counsel believes to be in the defendant's best interest and the defendant is unresponsive, counsel's strategic choice is not impeded by any blanket rule demanding the defendant's explicit consent." *Id.* at 192.

Later, in *McCoy v. Louisiana*, the Supreme Court distinguished its decision in *Nixon*.   138 S. Ct. 1500, 1505 (2018).   There, the Court held that "a defendant has the right to insist that counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty."   *Id.* at 1505. The Court explained that, "[w]ith individual liberty—and, in capital cases, life—at stake, it is the defendant's prerogative, not counsel's, to decide on the objective of his defense: to admit guilt in the hope of gaining mercy at the sentencing stage, or to maintain his innocence."   *Id.*

In this case, one of Petitioner's credit card forgery convictions stemmed from the use of the victim's credit card in the McDonald's drive-through after the murder.   *Lind v. Ballard*, No.

5

14-0116, 2015 WL 5125884, at *1 (W. Va. Aug. 31, 2015).   In his first state habeas proceeding,[5]

Petitioner did not assert an ineffective assistance of counsel claim related to this conviction.   *See*

*id.* at *5 (specifying that Petitioner did not raise any ineffective assistance of counsel claims in his

first state habeas petition).   Under West Virginia law, there is a rebuttable presumption that a state

habeas petitioner knowingly and intelligently waives any claim that could have been presented

during a state habeas proceeding, but that was not presented at that time.   W. Va. Code §

53-4A-1(c).   Thus, in his second state habeas petition, the Supreme Court of Appeals of West

Virginia ("WVSCA") explained that Petitioner was procedurally barred from alleging claims for

---

[5]  The Supreme Court of Appeals of West Virginia ("WVSCA") detailed Petitioner's various state habeas proceedings:

> On October 2, 2008, petitioner filed a petition for a writ of habeas corpus in the circuit court, requesting a new trial. . . . By order entered April 17, 2009, the circuit court denied petitioner's request for habeas relief. On April 28, 2009, petitioner filed a notice of appeal. . . . However, no appeal from the circuit court's April 17, 2009, order denying petitioner's first habeas petition was ever filed.

> On November 17, 2009, petitioner filed a second habeas petition.
> ***

> By order entered January 9, 2014, the circuit court denied petitioner's second habeas petition.
> ***

> Petitioner appealed the circuit court's January 9, 2014, order denying his second habeas petition to this Court, which affirmed the circuit court's ruling in *Lind v. Ballard* ("*Lind I*"), No. 14-0116, 2015 WL 5125884, at *7 (W. Va. August 31, 2015) (memorandum decision). . . . On January 29, 2016, petitioner filed a third habeas petition, raising ineffective assistance of counsel. . . . By order entered on October 26, 2016, the circuit court denied petitioner's third habeas petition without a hearing and without appointment of counsel.

> Petitioner appealed the circuit court's October 26, 2016, order in *Lind v. Ballard* ("*Lind II*"), No. 16-1033, 2017 WL 4570572 (W. Va. October 13, 2017) (memorandum decision).
> ***

> . . .we affirmed the circuit court's denial of petitioner's third habeas petition.

> [O]n June 14, 2018, petitioner filed a fourth habeas petition . . .. In a second order entered July 23, 2018, the circuit court dismissed the habeas petition . . .. Petitioner appealed . . . .

*Lind v. Ames*, No. 18-0701, 2019 WL 6048907, at *4 (W. Va. Nov. 15, 2019) (denying Petitioner's fourth habeas petition).

ineffective assistance of trial counsel related the McDonald's forgery.   *Lind*, 2015 WL 5125884, at *5 (referring to any ineffective assistance of counsel claims).

Nevertheless, under state law, "an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing . . . or, a change in the law, favorable to the applicant, which may be applied retroactively."   Syl. Pt. 4, *Losh v. McKenzie*, 277 S.E.2d 606, 609 (W. Va. 1981).   Petitioner used this exception in his fourth state habeas proceeding to argue that *McCoy v. Louisiana*, which was decided after his conviction, represents a change in law that is favorable to him and, thus, permits a successive state habeas corpus petition based on his trial counsel's alleged concession of guilt.[6]   *See Lind v. Ames*, No. 18-0701, 2019 WL 6048907, at *6 (W. Va. Nov. 15, 2019).

The WVSCA rejected this argument, explaining that—even if *McCoy* extends beyond the death penalty-context—Petitioner failed to argue that *McCoy* may be retroactively applied.   *Id.* Further, the state court noted that "even if *McCoy* could apply to petitioner's case, it is factually distinguishable."   *Id.* at *7.   Similarly, in his federal habeas petition, this Court overruled Petitioner's objections and adopted the PF&R's findings that *McCoy* was not retroactively applicable to cases on collateral review.   (ECF No. 126 at 28 (citing *Smith v. Stein*, 982 F.3d 229 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2532, 209 L. Ed. 2d 558 (2021).)

---

[6] The PF&R explained Petitioner's *McCoy* claim:

> In this case, one of Lind's credit card forgery convictions stemmed from the use of the victim's credit card in the McDonald's drive-through after the murder. Lind argues that his trial counsel violated *McCoy* by not adducing any defense to the McDonald's credit card forgery charge despite Lind's protestations that he was innocent because he did not personally hand the credit card to the McDonald's cashier. As noted, Lind asserted that he had passed the card to his friend, Jones, who did not know that it was stolen and pulled it from his own wallet to pay for the food in the drive-through as Lind sat beside him in the vehicle. According to Lind, his counsel's failure to contest the charge equated to an admission of guilt like the attorney's erroneous actions in *McCoy*.

(ECF No. 113 at 48–49 (citing ECF No. 107).)

Petitioner now rehashes this procedural history along with various Supreme Court cases. (*See* ECF No. 132 at 2-3.)   None of the cited facts are new.   *See Robinson*, 599 F.3d at 411 (citing *Ingle*, 439 F.3d at 197) (discussing Rule 59(e)).   However, Petitioner seems to argue that the Supreme Court's decision in *Edwards v. Vannoy*, 141 S. Ct. 1547, 1560 (2021) supports his contention that *McCoy* is retroactive, (*see* ECF No. 132 at 1–3), which could be liberally construed as Petitioner taking issue with the law used by the Court, *see Robinson*, 599 F.3d at 411. Alternatively, Petitioner claims that, "[a]ssuming that the Court would still find that non-retroactivity still bars relief," all courts involved have "failed to liberally construe and determine if Petitioner was entitled to relief under *Florida v. Nixon*, 543 U.S. 175, 185, 125 S. Ct. 551, 160 L. Ed. 565 (2004)."   (ECF No. 132 at 3.)   As such, it appears that Petitioner is also attempting to convince this Court that "there is a need to correct a clear error or prevent manifest injustice."   *See Robinson*, 599 F.3d at 411.   As discussed below, both of these arguments fail.

First, Petitioner never raised an argument in his federal habeas proceedings that *Vannoy* supports his contention that *McCoy* is retroactive.   (*See* ECF Nos. 63, 88, 107.)   Thus, this argument that Petitioner is trying to assert could have been raised prior to the judgment's entry and is not a proper basis for awarding the extraordinary remedy afforded by Rule 59(e).   *See Pac. Ins. Co.*, 148 F.3d at 403.   Additionally, even if Petitioner had raised such an argument, he did not file an objection to the PF&R for not addressing it.   (*See* ECF Nos. 103, 116.)   This constitutes a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

To be sure, though, *Vannoy* does not support Petitioner's argument that *McCoy* is retroactive. In *Vannoy*, the Supreme Court's previous holding in *Teague v. Lane*, 489 U.S. 288, 311 (1989), allowing retroactive application of new "watershed rules of criminal procedure," was completely foreclosed. *Vannoy*, 141 S. Ct. at 1560 (holding that, without exception, "new procedural rules do not apply retroactively on federal collateral review"). The Court noted in footnote 6, though, that this ruling only applies to federal collateral review: "States remain free, if they choose, to retroactively apply the jury-unanimity rule as a matter of state law in state post-conviction proceedings." *Id.* at 1559, n.6.

Based on this footnote, Petitioner argues that "[t]his is exactly what the [WVSCA] did on Petitioners [sic] McCoy claim. (ECF No. 132 at 3.) This argument twists the WVSCA's rationale beyond reason. The WVSCA did not determine that *McCoy* could be retroactively applied, as it noted that Petitioner failed to even make an argument that *McCoy* could be retroactively applied. *Lind*, 2019 WL 6048907, at *6. Although the WVSCA hypothetically reasoned that Petitioner's claim failed "*even if* McCoy *could apply*" to his case, *see id.* at *7 (emphasis added), the Court cannot and will not find that the WVSCA determined that *McCoy* was retroactive just because it provided alternative reasons for denying Petitioner's claim.

Second, Petitioner never raised an argument in his federal habeas proceeding that he was entitled to relief based on *Nixon*. (*See* ECF Nos. 63, 88, 107.) Thus, whatever argument Petitioner is trying to assert could have been raised prior to the judgment's entry and is not a proper basis for awarding the extraordinary remedy afforded by Rule 59(e). *See Pac. Ins. Co.*, 148 F.3d at 403. Further, even if Petitioner had raised such a claim, he did not file an objection to the PF&R for not determining if he was entitled to relief under *Nixon*. (*See* ECF Nos. 103, 116.)

This constitutes a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder*, 889 F.2d 1363.

Moreover, *Nixon*, which does not require express consent to concession strategies, *see* 543 U.S. at 178, would not call into question Petitioner's trial counsel's decision not to belabor the defense as to one of Petitioner's three credit card forgery charges. As such, the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.

Thus, the Court **DENIES** this portion of Petitioner's Rule 59(e) motion.

C. *Expert Assistance and Excessive Sentence*

Next, Petitioner reiterates his contention that the lower courts, and now this Court, erroneously acted as an expert under Federal Rule of Evidence 702 in finding that Petitioner did not meet his burden of proving a diminished capacity, based on Dr. Bobby Miller's finding that Petitioner did not suffer from a diminished capacity. (*See* ECF No. 132 at 3; *see also* ECF No. 103 at 5 ("The trial judge respectfully, is not an expert under rule 702"); ECF No. 63 at 6 ("It has been established in the Federal Rules of evidence 702 that even a judge who is fundamentally a trier of fact commits error in refusing to hear proper expert testimony.").) Similarly, Petitioner echoes his argument that the state court could not have properly conducted an excessive sentence analysis because there is no definition of an "impermissible factor." (*See* ECF No. 132 at 4; *see also* ECF No. 103 at 6 (arguing that because "West Virginia does not have a clear definition on 'the impermissible factor prong' in reviewing excessive sentence claims . . . it cannot be said that the facts were reasonably determined"); ECF No. 93 at 8 ("It is clear that West Virginia does not

have a clear definition on 'the impermissible factor prong' in reviewing excessive claims.").)   He claims that, although the Court "touched on this issue," it "did not dig deep enough to answer the question presented," because the Court "wrote off the issue as a 'state court issue.'"   (ECF No. 132 at 3.)

Neither of these arguments present any legal rationale for disturbing the Court's judgment, as Petitioner does not argue, and the Court does not find, that the controlling law has changed, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice.   *See Robinson*, 599 F.3d at 411 (citing *Ingle*, 439 F.3d at 197) (discussing Rule 59(e)).   Instead, Petitioner is reiterating the same arguments that the Court already resolved. (ECF No. 126 at 11-12, 14.)   To the extent that Plaintiff is relying upon arguments previously made, the Court finds the same to be an insufficient basis for granting the instant motion.   *See Norfolk S. Ry. Co., F.Supp.2d at 918.*

Thus, the Court **DENIES** this portion of Petitioner's Rule 59(e) motion.

### D.  *Ineffective Assistance of Counsel at Sentencing*

In his second state habeas petition, Petitioner claimed he was denied his right to effective assistance of trial counsel when his attorney failed to call certain witnesses to testify on Petitioner's behalf at sentencing, among other things.   *Lind*, 2015 WL 5125884, at *2 (noting that Petitioner presented the issue of "whether [he] was denied his right to effective assistance of counsel during his trial when his attorney . . . failed to call certain witnesses to testify").   In affirming the circuit court's denial of these claims, the WVSCA noted that Petitioner was procedurally barred from raising these claims, as he did not name his trial counsel in his *Losh* list. *Id.* at *5.   However, the WVSCA also reasoned that "it is unlikely that petitioner would prevail on

11

this argument, notwithstanding his failure to name trial counsel in his *Losh* list, as counsel effectively advocated for petitioner and secured a lesser conviction for him."   *Id.*

In his federal habeas petition, Petitioner raised these procedurally defaulted ineffective assistance of trial counsel claims, (ECF No. 63 at 9-15), and moved for leave to file a *Martinez* brief to defeat the procedural default and have his ineffective assistance of trial counsel claims—including that his trial counsel was ineffective for failing to call certain mitigating witnesses at sentencing—reviewed *de novo*, (*see* ECF No. 94).

In *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court recognized an exception to procedural default based on ineffective assistance of habeas counsel:

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (third and fourth alterations in original) (emphasis omitted) (quoting *Martinez*, 566 U.S. at 13-18).

The *Martinez* exception is applicable not only in circumstances where a state requires a defendant to initially raise an ineffective assistance of trial counsel claim in a state collateral proceeding, but also when a state maintains a procedural regime that amounts to such a requirement, i.e., when it is 'virtually impossible' for an ineffective assistance claim to be raised on direct review." *Gray v. Pearson*, 526 F. App'x 331, 333 (4th Cir.2013) (discussing *Trevino*). However, the *Martinez* exception applies only to "substantial claims" of ineffective assistance of trial counsel, which requires the petitioner seeking to invoke the *Martinez* exception to

demonstrate that the ineffective assistance of counsel claims have "some merit."   *Martinez*, 566

U.S. at 14.

The Magistrate Judge found that Petitioner's procedurally defaulted claims of ineffective

assistance of trial counsel were not potentially meritorious and, thus, did not qualify for *de novo*

review under the *Martinez* exception.   (ECF No. 113 at 30.)   Petitioner objected to the PF&R,

arguing that he had shown "cause" thereby excusing his procedural default because his trial

counsel's "failure to investigate" met the substantial claim requirement under *Martinez*.   (ECF

No. 103 at 15.)   However, this Court noted that, because Petitioner never raised a federal habeas

claim based on trial counsel's failure to *investigate* mitigating evidence related to the witnesses

Petitioner thinks should have been called to testify, it was not obligated to entertain this argument

as it related to a new claim raised for the first time in Petitioner's objections to the PF&R.   (ECF

No. 126 at 29 n. 21; *see also Samples v. Ballard*, 860 F.3d 266, 274-75 (4th Cir. 2017) (holding

that a district court is not required to review new issues raised for the first time in a petitioner's

objections to a PF&R).)

Now, Petitioner raises several issues.   None of Petitioner's arguments involve new facts,

nor does Petitioner take issue with the law used by the Court.   *See Robinson*, 599 F.3d at 411

(citing *Ingle*, 439 F.3d at 197) (discussing Rule 59(e)).   Thus, the Court assumes that Petitioner is

asserting that "there is a need to correct a clear error or prevent manifest injustice."   *See Robinson*,

599 F.3d at 411.   For the reasons discussed below, each of Petitioner's arguments fail.

1.   The nature of Petitioner's *Martinez* claim

First, Petitioner claims that the "state court record clearly shows" that Petitioner filed a

claim of ineffective assistance of counsel based on his *habeas counsel*'s failure to investigate and

develop "this issue," which is "the core" of his *Martinez* claim."   (ECF No. 132 at 4 (emphasis added).)   Regardless of what he claims the state court record shows, though, Petitioner's *federal habeas petition* did not include any ineffective assistance of counsel claims related to his state habeas counsel in his second state habeas proceeding.[7]   (*See generally* ECF No. 63, 88, 107.) Thus, it was not error for the Court not to consider Petitioner's new claim that was raised for the first time in Petitioner's objections to the PF&R.   *See Robinson*, 599 F.3d at 411.

Still, the Court notes that Petitioner moved to file a *Martinez* brief based on his first state habeas counsel's failure to investigate and develop Petitioner's claim of ineffective assistance of trial counsel for failing to put on available mitigation evidence during sentencing.   (*See* ECF No. 94 at 4 (arguing that "Michael Payne, initial habeas counsel, clearly did not raise any claims of ineffective assistance of counsel" and "Lori Peters, [s]econd habeas counsel, failed to fully develop the merits of all of Petitioner's claims of ineffective assistance of trial counsel").)   This Court denied that motion because Petitioner's claim lacked "some merit," under *Strickland v. Washington*, 466 U.S. 668 (1984).   (ECF No. 126 at 28–32.)

In *Strickland*, the Supreme Court annunciated a two-prong test for determining whether counsel was ineffective. Under this test, a defendant must show (1) "that counsel's performance was deficient[,]" which requires a "showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."

---

[7] In this argument, Petitioner identifies the "habeas counsel" at issue as "Lori Peters," (ECF No. 132), who was his habeas counsel in his second state habeas proceeding, *Lind*, 2015 WL 5125884, at *2.   Of course, aside from *Martinez*, federal habeas petitioners are statutorily barred from raising claims of ineffective assistance of state habeas counsel.   28 U.S.C.A. § 2254(i).

*Strickland*, 466 U.S. at 687.   Petitioner must overcome two layers of deference for the Court to sustain his ineffective assistance of trial counsel objections. First, the United States Supreme Court's pronouncement in *Strickland* accords to his trial counsel a "highly deferential" level of judicial scrutiny.   *Id.* at 689.   Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."   *Id.* at 690.   If the Court determines under this deferential standard that his trial counsel's action fell outside the accepted range of professionally reasonable conduct, Petitioner must also show that he was prejudiced by the errors—that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   *Id.* at 694.

> This Court explained that Petitioner did not overcome this double deference standard:
>
> [E]ven if Petitioner could overcome the "strong presumption" that his trial counsel's conduct fell "within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689, he does not make any argument that he was prejudiced by this conduct, *id.* at 694. Instead, his federal habeas petition only claims that "there was a '[very] strong probability'" that he would have received a shorter sentence if the witnesses' testimony had been offered. (ECF No. 63 at 11.) And in his motion for leave to file a *Martinez* brief, he only argues that it is impossible for the Court to determine prejudice without these witnesses' testimony. (*See* ECF No. 94 at 4, 7.)
>
> Accordingly, because Petitioner did not plead any factual allegations to show prejudice under *Strickland*, his ineffective assistance of counsel claim for his trial counsel's failure to call certain mitigating witnesses is insufficient on its face, *see Techsol Chem. Co.*, 2007 WL 4255280, and a *Martinez* brief is not warranted.

(ECF No. 126 at 31–32.)   The Court also noted that Petitioner's legal conclusion that there was a strong probability that he would have received a shorter sentence if the witnesses' testimony had been offered was "unpersuasive as most of the information he wanted to adduce from these witnesses was already before the trial court."   (*Id.* at 31, n.22.)

To that extent, Petitioner acknowledged that he "agrees" with the Court's "position" that most of the information he wanted to adduce from the witnesses was already before the Court. (ECF No. 132 at 4.)   "No sense in beating a dead horse."   (*Id.*)   Thus, the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.

    2.   The lack of video evidence

Nevertheless, Petitioner finds fault in the fact that "the Court did not get a copy of the video during jury deliberations where trial counsel stated that he was going to call Dr. Bobby Miller at sentencing," which supports his "strategy abandonment issue with regards to sentencing."   (ECF No. 132 at 4.)   According to Petitioner, this video would show that his trial counsel stated to the court that he was going to call Dr. Miller as a witness for purposes of sentencing but did not.   (*See id.* at 5.)   Thus, Petitioner claims that the Court "needs to review this video, and also needs to hear what each and every one of Petitioner[']s mitigation witnesses have to say in order to properly review Petitioner[']s mitigation claim under *Wiggins v. Smith*, 539 U.S. 510, 523, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003)."   (*Id.* at 5.)   Because the Court did not do so, Petitioner claims that the Court "ignored reviewing relevant authority in reviewing" his claim for ineffective assistance of counsel at sentencing.   (*Id.* at 6.)

Petitioner is misguided.   To start, this Court explained that *Wiggins* "was clear that defense counsel is not required 'to present mitigating evidence at sentencing in every case.'" (ECF No. 126 (citing *Wiggins*, 539 U.S. at 533).)   In fact, "the Supreme Court has never held that the Eighth Amendment requirement that the jury be allowed to consider all relevant mitigating

evidence applies in a non-capital case," such as Petitioner's case.   (*Id.* (collecting cases).)   Thus, Petitioner's "mitigation claim" was not reviewed under *Wiggins* at all.   (*See id.*)

Further, "in conducting § 2254(d)'s deferential review, a federal court is limited to reviewing the record as presented to the state post-conviction court."   *Valentino v. Clarke*, 972 F.3d 560, 575 (4th Cir. 2020).   Because "review under § 2254(d)(1) focuses on what a state court knew and did," the reasonableness of the state court's decision is based on the information in the record before it.   *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003).   Similarly, § 2254(d)(2) provides for a limited review of factual determinations "in light of the evidence presented in the State court proceeding," which "requires an examination of the state-court decision at the time it was made."   *Cullen*, 563 U.S. at 182; *see also Elmore v. Ozmint*, 661 F.3d 783, 850 (4th Cir. 2011).

Here, because the evidence Petitioner thinks should have been considered was not before the state court, it would have been improper for this Court to consider it.   Additionally, the record reflects that Petitioner's trial counsel did not call Dr. Miller to testify at sentencing, and Petitioner does not suggest what additional information the video would have provided on this issue. Further, as the Court previously found and Petitioner concedes, most of the information Petitioner sought to elicit from the mitigating witnesses was already on the record.   (ECF No. 125 at 4; ECF No. 132 at 4.)   Thus, the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.

3.   <u>Standard of review</u>

Petitioner also contends that the Court erred in reviewing his claim for ineffective assistance of trial counsel under § 2254(d).  (ECF No. 132 at 7.)   He claims that, because the Court found the claims procedurally defaulted, they should have been reviewed *de novo*.  (*Id.*)

Petitioner is incorrect.   On federal habeas review, procedurally defaulted claims are not supposed to be reviewed at all, not to mention reviewed *de novo*.[8]   *See Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017) ("Federal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground."); *Green v. Ballard*, No. 3:02-1348, 2015 WL 1612198, at *5 (S.D.W. Va. Apr. 10, 2015) (recognizing that West Virginia Code § 53-4A-1(c) is "an adequate and independent state ground," for procedural default purposes).   Thus, the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.

Thus, the Court **DENIES** this portion of Petitioner's Rule 59(e) motion.

E. *The "Waiver Issue"*

In his argument regarding the "[w]aiver issue," Petitioner asserts that "[n]o [c]ourt has ever taken the time to truly review Petitioner[']s arguments regarding *Gibson v. Dale*," which "Petitioner has argued . . . up and down thr[ough] this court as well as the state courts."  (ECF No. 132 at 7.)   Then, Petitioner finds fault in this Court's decision to deny his motion for an evidentiary hearing, (*see* ECF No. 125), based on the finding that Petitioner was afforded the opportunity to put on evidence on all issues, (*see* ECF No. 132 at 7).

---

[8]  Nevertheless, Petitioner's procedurally defaulted claims were still reviewed *de novo*.   Specifically, the PF&R found that, even if the Court conducted a *de novo* review, none of Petitioner's ineffective assistance of trial counsel claims provide a basis for federal habeas relief because his trial counsel was not constitutionally deficient.   (ECF Nos. 99 at 29-40; 113 at 31- 41.)   Then, after Petitioner objected to the PF&R's analysis on certain claims, this Court overruled Petitioner's objections.   (*See* ECF No. 126 at 21-27.)

Petitioner does not argue that the controlling law has changed or that new evidence has become available.  *See Robinson*, 599 F.3d at 411 (citing *Ingle*, 439 F.3d at 197) (discussing Rule 59(e)).  Additionally, as discussed more fully below, there is no "need to correct a clear error or prevent manifest injustice," *id.*, because it was proper for the Court to (1) not address Petitioner's argument regarding *Gibson* and (2) find that Petitioner was afforded the opportunity to put on evidence on all issues.  Each is addressed in turn.

1. *Gibson v. Dale*

*Gibson* reiterates that the West Virginia "post-conviction habeas corpus statute . . . clearly contemplates that a person who has been convicted of a crime is ordinarily entitled, as a matter of right, to only one post-conviction habeas corpus proceeding."  Syl. Pt. 1, *Gibson v. Dale*, 319 S.E.2d 806 (W. Va. 1984).  The initial habeas corpus hearing is res judicata as to all matters raised and to all matters known or which with reasonable diligence could have been known.  *Id.* at Syl. Pt. 4.  Therefore, only ineffective assistance of habeas counsel, newly discovered evidence, or a change in law favorable to the applicant and which may be applied retroactively can be considered in any subsequent habeas petition.  *Id.*

*Gibson* also recognizes that "the post-conviction habeas corpus statute leaves the decision of whether to conduct an evidentiary hearing . . . in large part to the sound discretion of the court. *Id.* at 813.  However, this discretion is not without limits and exceptions.  *See id*.  Instead, *Gibson* instructed that courts "must be guided by the necessities of each particular case."  *Id.*

Petitioner's "arguments regarding *Gibson v. Dale*" are unclear.  In this federal habeas proceeding, Petitioner alleged that during the omnibus evidentiary hearing in his second state habeas proceeding, the state court "ruled that it would not consider any claims of ineffective

assistance of trial counsel," and stated that it was "not going to revisit anything [trial counsel] did." (ECF No. 107 at 6.)   Nevertheless, the court's order denying habeas corpus relief in the second state habeas proceeding ruled that res judicata did not apply because "the first habeas did not include the required *Losh* finding," but, on appeal, the WVSCA "erroneously found that Petitioner got a second bite at the apple because of ineffective assistance of habeas appellate counsel for failure to fine [sic] an appeal in the first habeas."   (*Id.*)   Petitioner then contends that, during his third state habeas proceeding, the WVSCA conceded that a *Gibson* violation took place but affirmed the denial of his second habeas petition instead of remanding to the circuit court with instructions to consider the full merits of Petitioner's ineffective assistance of trial counsel grounds.   (*Id.* at 6-7.)

As such, Petitioner contends that, what generally happens, is that a petitioner's first habeas counsel fails to raise ineffective assistance of counsel claims, which then requires the petitioner to file a successive habeas petition.   (*See* ECF No. 103 at 10.)   However, on the successive state habeas petition, the state court will decline to reach the merits of the procedurally defaulted ineffective assistance of counsel claims because they were not raised or developed in the first habeas petition, and the federal district court will rule that the claim is procedurally barred, ruining the petitioner's chances of being fully heard.   (*See id.*)   Consequently, failing to give a petitioner a hearing on claims of ineffective assistance of habeas counsel for habeas counsel's failure to raise or fully develop a substantial claim of ineffective assistance of trial counsel will always result in these claims being procedurally barred.   (*See id.*)   Thus, Petitioner argued that the WVSCA either "needs to adopt *Martinez* when presented with that type of procedural question[] or over rule

20

[sic] the narrow exception to the finality rule regarding ineffective assistance of habeas counsel at the omnibus hearing." (*Id.*)

Neither PF&R so much as mentions *Gibson*. (*See* ECF No. 99, 113.) Moreover, while Petitioner mentions *Gibson* in his objections to the PF&R, he asserts no discernable objection to the PF&R for not addressing a *Gibson* argument,[9] (*see* ECF Nos. 103, 116), which constitutes a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals, *Snyder*, 889 F.2d 1363. Additionally, Petitioner's *Gibson* argument is based on a disagreement with West Virginia law, which does not constitute a proper basis for federal habeas corpus relief. *See* 28 U.S.C. § 2254(a) (limiting a federal court's ability to grant habeas relief for a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States"). Although Petitioner's argument could be liberally construed as alleging that West Virginia's post-conviction habeas corpus laws are somehow unconstitutional, Petitioner does not make a substantive argument or identify a constitutional violation.[10] Thus, the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.

2. <u>Motion for Evidentiary Hearing</u>

---

[9] The Court also notes that, in addition to addressing Petitioner's *Martinez* claim, the PF&R also found that "even if the Court were to perform a *de novo* review, [Petitioner's] ineffective assistance of trial counsel claims would not provide a basis for habeas relief because [Petitioner's] trial counsel was not constitutionally deficient. (*See* ECF No. 113 at 26-41.) The PF&R went on to conduct a *Strickland* analysis for each of his ineffective assistance of trial counsel claims. (*Id.*) Then, the Court addressed but overruled Petitioner's objections to this analysis, as well as Petitioner's objection that the PF&R did not conduct a waiver analysis under *Johnson v. Zerbst*. (ECF No. 126 at 18-27.)

[10] A "pro se document is to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, this Court is not required "to act as an advocate for a *pro se* litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), or "conjure up questions never squarely presented," *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under Rule 8(a) of the Rules Governing § 2254 cases, "[i]f the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Similarly, the Fourth Circuit has held that where "§ 2254(e)(2) does not proscribe an evidentiary hearing . . . a § 2254 petitioner 'who has diligently pursued his habeas corpus claim in state court is entitled to an evidentiary hearing in federal court, on facts not previously developed in the state court proceedings, if the facts alleged would entitle him to relief, and if he satisfies one of the six factors enumerated by the Supreme Court in *Townsend v. Sain*.'"[11]  *Wolfe v. Johnson*, 565 F.3d 140, 168 (4th Cir. 2009) (quoting *Conaway v. Polk*, 453 F.3d 567, 582 (4th Cir. 2006)).   However, "federal evidentiary hearings ought to be the exception, not the rule."  *Winston v. Kelly*, 592 F.3d 535, 552 (4th Cir. 2010).

In this federal habeas proceeding, Petitioner sought an evidentiary hearing in multiple motions, arguing that an evidentiary hearing is necessary for him to prove the "cause" prong of his *Martinez* claim.   (*See* ECF No. 95 at 3; *see also* ECF Nos. 94 at 8; 118 at 4; 119 at 4.)   This Court denied Petitioner's requests for an evidentiary hearing because none of the *Townsend* factors were satisfied: "There was an omnibus evidentiary hearing on all of Petitioner's claims, including his *Martinez* claim, and the record does not suggest that the state's determination was not supported, adequate or fair, or the material facts were not adequately developed."   (ECF No. 125 at 10.)

---

[11]  The six *Townsend* factors are: (1) the merits of the factual dispute were not resolved at the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas petitioner a full and fair fact hearing.   372 U.S. at 313.

Petitioner disagrees with this finding, arguing that he could not have had the opportunity to put on evidence on all issues because the state habeas court in his second habeas proceeding would not consider any claims against trial counsel.   (*See* ECF No. 132 at 8.)   This is the same argument Petitioner asserted many times before.   (ECF Nos. 107 at 4-15 (reasoning that the "circuit court ruled that it would not consider any claims of ineffective assistance of counsel"); 104-1 at 15 (contending that "it is impossible for a claim to be proven, when the substance of that claim is not put on before the court to allow the court to make a [sic] informed determination of the merits of the issue raised").)   Thus, this argument is an insufficient basis for granting the instant motion. *See Norfolk S. Ry. Co., F.Supp.2d at 918*.

To be absolutely clear, though, during the omnibus evidentiary hearing, the state court did say that it was "not revisiting anything that [trial counsel] did," because the scope of the hearing was to determine "what [Petitioner's first habeas counsel] did or didn't do."   (ECF No. 90-6 at 40.)   This makes sense because the court first had to determine whether Petitioner's first habeas counsel was ineffective for failing to raise claims that Petitioner's trial counsel was ineffective. (*See id.* at 40–41.)   Then, if that was proven, the court would consider Petitioner's claims that his trial counsel was ineffective.   (*Id.*)

Nevertheless, the state court still allowed Petitioner to put on evidence on all issues at this omnibus evidentiary hearing.   (*See generally* ECF No. 79-8 at 10; ECF Nos. 90-5, 90-6; *see also Lind*, 2017 WL 4570572, at *2 ("In the interest of allowing petitioner a full and thorough review, the circuit court allowed him to present evidence on all grounds for relief asserted in his amended habeas petition," which included claims of ineffective assistance of trial counsel).)   The court heard testimony from Petitioner, as well as his trial counsel and his former habeas counsel who

23

was appointed to represent him in his first habeas appeal. (*See* ECF Nos. 90-5 at 6-33; 90-6 at 5-25.) As such, Petitioner did have the opportunity to put on evidence on all issues.[12] Thus, the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.

Accordingly, the Court **DENIES** this portion of Petitioner's Rule 59(e) motion.

### F. Denial of Certificate of Appealability

In his objections to the PF&R, Petitioner made numerous requests for a certificate of appealability ("COA"), which the Court denied. (ECF No. 126 at 32.) Now, Petitioner asks that "the Court reconsider its ruling on the issue." (ECF No. 132 at 8.) Petitioner accuses the Court of denying his COA requests "because the Court believes that [his] [c]laims will ultimately fail." (*Id.* at 9.) In doing so, Petitioner fails to state a sufficient basis for relief under Rule 59(e).

Petitioner does not and cannot argue that "there has been an intervening change of controlling law" or "that new evidence has become available," *see Robinson*, 599 F.3d at 411, related to his COA requests. Further, because the Court provided the correct legal standard, and, contrary to Petitioner's allegations, denied his COA requests because the governing standard was not satisfied, (ECF No. 126 at 32), the Court does not have a "definite and firm conviction that a mistake has been committed," *Cromartie*, 532 U.S. at 242, not to mention find that its decision

---

[12] The Court also notes that the state courts ultimately considered and ruled on Petitioner's procedurally defaulted ineffective assistance of trial counsel claims. The state court found that there were "no grounds on which to base any allegation of ineffective assistance of trial counsel," (ECF No. 79-8 at 10), and, on appeal, the WVSCA found that Petitioner "was adequately represented in all stages of his case," and "there are no grounds to support a claim of ineffective assistance of counsel," *Lind v. Ballard*, No. 14-0116, 2015 WL 5125884, at *3 (W. Va. Aug. 31, 2015). Although the WVSCA noted that Petitioner was procedurally barred from raising his ineffective assistance of trial counsel claims, it nevertheless stated that Petitioner could not prevail on these claims "as counsel effectively advocated for [] and secured a lesser conviction." *Id.* at *5.

included a "fundamental flaw," *In re Yankah*, 514 B.R. at 166.[13]   To the extent that Plaintiff is relying upon arguments previously made, the Court finds the same to be an insufficient basis for granting the instant motion.   *See Norfolk S. Ry. Co., F.Supp.2d at 918*.

Thus, the Court **DENIES** this portion of Petitioner's Rule 59(e) motion.

## IV.       CONCLUSION

For these reasons, the Court **DENIES** Petitioner's Motion to Alter or Amend Judgment. (ECF No. 132.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        March 31, 2023

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[13] This determination is supported by the fact that the Fourth Circuit also denied Petitioner a certificate of appealability because he did not make the requisite showing under 28 U.S.C. § 2253(c)(2), which requires "a substantial showing of the denial of a constitutional right."   (ECF No. 141 at 2.)