IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

**JONATHAN JOSEPH LIND,**

      **Petitioner,**

v.                                                  Case No.: 2:14-cv-26284

**DONALD AMES,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court is Lind's Motion for Relief from Judgment, pursuant to Rule 60(b). (ECF No. 154). This case is assigned to the Honorable Thomas E. Johnston, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that Lind's Motion for Relief from Judgment, (ECF No. 154), be **DISMISSED, in part,** and **DENIED, in part**.

**I.    Relevant History**

In June 2017, Jonathan Joseph Lind filed an amended petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (ECF No. 63).[1] Before filing his federal petition, Lind had filed several state habeas petitions, and he filed a supplement to the amended

---

[1] Lind had filed a previous petition, (ECF No. 1), but only the amended petition contains claims relevant to this Rule 60(b) motion. Any reference herein to Lind's federal habeas petition is referring to the amended petition, (ECF No. 63), and its supplement, (ECF No. 107).

1

§ 2254 petition in February 2020, after the Supreme Court of Appeals of West Virginia ("WVSCA") denied his fourth state habeas petition. (ECF No. 107; ECF No. 113 at 7). His § 2254 petition raised many grounds for relief, the most relevant of which include claims that his trial counsel was ineffective. (ECF No. 113 at 25–27). His ineffective assistance of trial counsel ("IATC") claims were not raised in his first state habeas petition, and when he raised them in his later state petitions, the state court found the claims were waived, in accordance with West Virginia Code § 53-4A-1(c). (*Id*. at 26–28). As a result, in order to include the IATC claims in his federal petition, Lind had to overcome this procedural default.[2] He argued that the claims were not waived because his state habeas counsel was ineffective for failing to raise the IATC claims in his first state habeas petition, invoking *Martinez v. Ryan*. (*Id*. at 6, n.1). In *Martinez v. Ryan*, 566 U.S. 1 (2012), the United States Supreme Court held that a federal habeas petitioner may overcome a procedural default on an IATC claim by showing that the default arose from the ineffective assistance of state habeas counsel, if the petitioner's first opportunity to raise the IATC claim was on collateral review. The undersigned filed Proposed Findings and Recommendations ("PF&R"), concluding, in relevant part, that Lind's claims regarding ineffective assistance of trial counsel were both procedurally defaulted and meritless and recommending that Lind's petition be dismissed. (ECF No. 113).[3] The Court adopted the undersigned's PF&R over Lind's objections, denied his petition, and dismissed his case on April 8, 2022. (ECF No. 126).

---

[2] In denying Lind's appeal on his second state habeas petition, the WVSCA determined that Lind had waived his IATC claims and that his IATC claims were meritless. (ECF No. 113 at 28). However, as explained in the undersigned's PF&R, Lind's IATC claims are still considered procedurally defaulted, regardless of the fact that the state court also reached the merits of his claims. (*Id*.).

[3] The undersigned had previously filed a PF&R recommending dismissal of Lind's petition before it was amended, but only the second PF&R, (ECF No. 113), is referenced here.

2

Later that month, Lind filed a motion to alter or amend judgment, pursuant to Rule 59(e) ("Rule 59(e) motion"). (ECF No. 132). In his Rule 59(e) motion, Lind raised several arguments challenging the Court's dismissal of his § 2254 petition. Relevant to the instant motion, he argued (1) that his trial counsel was ineffective at sentencing for failing to investigate mitigating evidence, and (2) that he had not waived his IATC claims, citing to *Gibson v. Dale*, 173 W.Va. 681 (1984), a WVSCA case discussing waiver of state habeas claims. (ECF No. 132 at 2–5; ECF No. 147 at 11–16). Lind also filed a motion for leave to amend the Rule 59(e) motion. (ECF No. 137). The Court entered an order denying Lind's Rule 59(e) motion on March 31, 2023. (ECF No. 147). Although the Court did not mention Lind's motion for leave to amend in the order, the order rendered the motion for leave to amend moot, and the Court later terminated the motion for leave to amend, as is reflected on the docket.[4]

Lind timely filed a notice of appeal with the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"), appealing the Court's denial of his Rule 59(e) motion. (ECF No. 148). Then, on June 13, 2023, Lind filed the instant motion for relief from judgment, pursuant to Rule 60(b), challenging the denial of his habeas petition and Rule 59(e) motion. (ECF No. 154). The instant motion is somewhat difficult to comprehend because Lind conflates facts, as well as concepts; however, Lind ostensibly raises four basic grounds for relief: (1) that his federal habeas claims were not procedurally defaulted; (2) that his trial counsel was ineffective, and Lind is entitled to a ruling on that issue; (3) that, in its denial of his Rule 59(e) motion, this Court failed to address Lind's pending motion for leave to amend; and (4) that this Court failed to answer whether a substantial

---

[4] The motion for leave to amend was formally terminated in a docket entry dated 04/18/2023, entered directly underneath the Court's order denying Lind's Rule 59(e) motion.

ineffective assistance of counsel claim would meet the cause and prejudice standard. (ECF No. 154 at 1, 5–6). Lind asserts that he moves for relief under Rule 60(b)(1) and 60(b)(6). (*Id.* at 1). He also asks this Court to rule on his motion for leave to amend his Rule 59(e) motion, (ECF No. 137), which he believes to still be pending. (ECF No. 154 at 7).

## II.   Discussion

Prior to filing the instant Rule 60(b) motion, Lind filed a notice of appeal with the Fourth Circuit, appealing this Court's denial of his Rule 59(e) motion. Generally, a notice of appeal divests a district court of jurisdiction over matters related to the appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). However, in some circumstances, the district court retains jurisdiction over matters "in aid of the appeal." *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 890 (4th Cir. 1999) (citing *In re Grand Jury Proceedings Under Seal*, 947 F.2d 1188, 1190 (4th Cir. 1991)). Under this exception, a district court may entertain a Rule 60(b) motion for relief from judgment while the same judgment is pending on appeal. The district court can either deny the motion as meritless or issue a memorandum indicating that it would be inclined to grant the motion. *Fobian*, 164 F.3d at 891.

Rule 60(b) allows a court to 'relieve a party ... from a final judgment, order or proceeding' on a limited number of grounds." *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017) (quoting Fed. R. Civ. P. 60(b)). "To prevail, a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Id.* (*citing Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). Once a

4

party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b). *Dowell*, 993 F.2d at 48. Lind has invoked both Rule 60(b)(1) and (b)(6). (ECF No. 154 at 1). Rule 60(b)(1) provides relief in instances of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), while (b)(6) is a "catch-all provision" that permits relief for "any other reason that justifies relief." *Moses v. Joyner*, 815 F.3d 163, 167–68 (4th Cir. 2016). Rule 60(b)(6) "gives a court authority to relieve a party from a judgment for any other reason not articulated in sections (1) through (5)." *Wells Fargo Bank*, 859 F.3d at 299. However, the Supreme Court has limited the application of Rule 60(b)(6) to cases where "such action is appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 615 (1949), and that "involv[e] extraordinary circumstances," *Dowell*, 993 F.2d at 48 (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

### A. Mixed Rule 60(b) motion/§ 2254 petition

In *Gonzalez v. Crosby,* the United States Supreme Court held that, where a Rule 60(b) motion challenges a federal court's previous resolution of a habeas claim on the merits, the Rule 60(b) motion is subject to the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), including 28 U.S.C. § 2244. 545 U.S. 524, 532 (2005). When presented with a Rule 60(b) motion in a habeas proceeding, the district court's first inquiry must be to decide whether the Rule 60(b) motion filed by the habeas petitioner is actually a "habeas corpus application" as intended by 28 U.S.C. § 2244(b). *Richardson v. Thomas*, 930 F.3d 587, 596 (4th Cir. 2019). If the motion is in fact an unauthorized successive habeas petition, it must be dismissed or transferred to the court of appeals for pre-authorization. *Id.*

A petitioner may not use a Rule 60(b) motion to present a claim of constitutional

5

error omitted from a prior habeas petition, present newly discovered evidence in support of a claim that was previously denied, or contend that a subsequent change in law justifies relief. *Id.* at 595. Those types of claims are substantive federal habeas claims, meaning they can only be raised in a federal habeas petition, and, where the petitioner has already filed one or more federal habeas petitions, such claims cannot be raised unless they have been pre-authorized by the appropriate court of appeals, in accordance with 28 U.S.C. § 2244. *Id.* Moreover, a Rule 60(b) motion that does not directly present new arguments or claims in favor of § 2254 relief may nonetheless run afoul of the AEDPA when the motion is used "as the means for future filings that would circumvent" the procedural barriers of the AEDPA. *Bixby v. Stirling*, 86 F.4th 1059, 1068 (4th Cir. 2023). "[E]ven though such a motion may not directly assert errors in the petitioner's underlying conviction, it must still be treated as a second or successive petition." *Id.* (quoting *Franqui v. Florida,* 638 F.3d 1368, 1371-72 (11th Cir. 2011)). But a Rule 60(b) motion may be used to attack a federal court's denial of a habeas claim not on the merits—such as, a denial made based on failure to exhaust, procedural default, or a statute of limitations. *Id.* at 596 (citing *Gonzalez*, 545 U.S. at 532); *see also Widmyer v. Ballard*, No. 21-7378, 2022 WL 4376080, at *1 (4th Cir., Sept. 22, 2022) (holding that a challenge to a federal habeas court's finding of procedural default was properly the subject of a Rule 60(b) motion). In other words, "a 'true' Rule 60(b) motion would not attack the resolution of a prior § 2254 petition on the merits … [but rather] would challenge 'some defect in the integrity of the federal habeas proceedings.'" *Bixby*, 86 F.4th at 1067 (quoting *Gonzalez,* 545 U.S. at 532).

Sometimes, a Rule 60(b) motion will contain both claims that should be construed as successive habeas claims and claims that are properly the subject of a Rule 60(b) motion—"true" Rule 60(b) claims. A motion with both types of claims is often referred to

6

as a mixed Rule 60(b) motion/§ 2254 petition. *See McKnight v. Bishop*, 771 F. App'x 201, 202 (4th Cir. 2019). The Fourth Circuit's earlier guidance in these cases suggested that, when presented with a mixed Rule 60(b) motion/§ 2254 petition, a district court should give the movant the option to delete his successive habeas claims or have the court construe the entire motion as a § 2254 petition. *Id.* (citing *United States v. McRae*, 793 F.3d 392, 400 (4th Cir. 2015)). However, those Fourth Circuit opinions were responding to cases where the district court had simply dismissed the entire mixed motion as a successive § 2254 petition, without addressing any "true" Rule 60(b) claims. *Id.*; *Widmyer*, 2022 WL 4376080; *Formica v. Superintendent of the Cent. Virginia Reg'l Jail*, 642 F. App'x 241, 243 (4th Cir. 2016). More recent *per curiam* opinions have indicated that, when presented with a mixed Rule 60(b) motion/§ 2254 petition, the district court may proceed by dismissing the successive habeas claims for lack of jurisdiction and ruling on the merits of the "true" Rule 60(b) claims.[5] *See Green v. Beckwith*, No. 22-6157, 2023 WL 166412, at *1 (4th Cir., Jan. 12, 2023) (holding that district court did not abuse its discretion where, having construed the motion as a mixed Rule 60(b) motion/§ 2254 petition, the district court dismissed the § 2254 part of the motion for lack of jurisdiction and denied the Rule 60(b) part of the motion); *see also Ball v. Slagle*, 764 F. App'x 353 (4th Cir. 2019). This is consistent with the procedure followed by other district courts handling mixed Rule 60(b) motions. *See Jackson v. Champion*, 509 F. App'x 811 (10th Cir. 2013) (affirming the district court's dismissal in part and denial in part of a mixed Rule 60(b) motion); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1298 n.21 (11th

---

[5] This has the same effect as if the movant had elected to delete the successive habeas claims, which would always be the rational choice for a movant where, as here, the successive habeas claims are unauthorized. If the movant chose not to delete the successive habeas claims and instead opted to have the entire motion treated as a successive § 2254 petition, the unauthorized successive petition would be dismissed for lack of jurisdiction, and the 'true' Rule 60(b) claims would be lost.

Cir. 2004) (concurrence in part, Tjoflat, J.) (noting that, when faced with a mixed Rule 60(b) motion, the district judge should weed out the successive habeas claims, dismiss them for lack of jurisdiction, and rule on the merits of the "true" Rule 60(b) claims).

As stated, Lind raises four discernible grounds in his instant Rule 60(b) motion: (1) that his federal habeas claims were not procedurally defaulted; (2) that his trial counsel was ineffective, and Lind is entitled to a ruling on that issue; (3) that, in its denial of his Rule 59(e) motion, this Court failed to address Lind's pending motion for leave to amend; and (4) that this Court failed to answer whether a substantial ineffective assistance of counsel claim would meet the cause and prejudice standard. (ECF No. 154 at 1, 5–6). Lind has not received authorization from the Fourth Circuit to file a successive § 2254 petition, meaning that any successive habeas claims he raises in the instant motion are unauthorized and must be dismissed. Because Lind raises both successive habeas claims and "true" Rule 60(b) claims, Lind's motion will be treated as a mixed Rule 60(b) motion/§ 2254 petition, with the successive habeas claims dismissed for lack of jurisdiction and the "true" Rule 60(b) claims evaluated under the standard for Rule 60(b) motions.

### B. Procedural Default

Lind devotes a significant portion of his motion to arguing that his federal habeas claims were not procedurally defaulted, either because the state court's procedural bar to considering his IATC claims was not an adequate and independent state ground, or because his state habeas counsel was ineffective and failed to raise his IATC claims. (ECF No. 154 at 2–5, 6–7). Lind argues that he is raising a "true" Rule 60(b) issue, in that he is challenging the Court's finding that his claims were procedurally defaulted. (*Id.* at 1).

If this Court had denied Lind's IATC claims only on the ground that they were procedurally defaulted, Lind's arguments would be proper for a Rule 60(b) motion. However, when this Court denied Lind's § 2254 petition, it not only determined that his IATC claims were procedurally defaulted, but also decided those claims on the merits. The Court found that Lind's trial counsel was not constitutionally deficient, and that, even if Lind's claims were not procedurally defaulted, he would not be entitled to habeas relief. (ECF No. 113 at 25–41; ECF No. 126 at 18–27; ECF No. 147 at 18, n.8).

In *Richardson v. Thomas*, the Fourth Circuit stated that a district court may re-open a non-merits-based denial of a state prisoner's federal habeas petition or claim "which resulted in no federal court having considered the merits of the claim ***at all***." 930 F.3d at 596 (emphasis added). This follows the Supreme Court's guidance in *Gonzalez*, which stated that a proper Rule 60(b) claim may attack the federal habeas court's previous ruling which "precluded a merits determination." 545 U.S. at 532, n.4. But this Court *did* consider the merits of Lind's federal habeas claims. The Court determined that, under *Strickland*, Lind's trial counsel was not ineffective or his actions did not prejudice Lind, and that, to the extent the state habeas court reached the merits of his ineffective assistance claims, those decisions were not contrary to, or an unreasonable application of, federal law. (ECF No. 113 at 26–41; ECF No. 126 at 23–32). Lind cannot use a Rule 60(b) motion to re-open the denial of his § 2254 petition where this Court stated that his claims were meritless, even if he contends that he is merely be challenging the antecedent finding that his claims were procedurally defaulted. *See Bixby,* 86 F.4th at 1070-71. Because this Court has already ruled on the merits of Lind's IATC claims, the undersigned **FINDS** that these claims, which Lind clearly hopes to resurrect in the future by challenging the Court's finding of procedural default, should be dismissed for lack of

9

subject matter jurisdiction as they are successive and unauthorized.

However, even if Lind had raised proper procedural default arguments under Rule 60(b), he has not shown that he is entitled to relief under the standards for Rule 60(b) motions. Lind argues that he is entitled to relief under either Rule 60(b)(1) or Rule 60(b)(6). He calls the Court's finding of procedural default "erroneous", implying a mistake under (b)(1), but he also later states that such errors constitute "extraordinary circumstance[s]" justifying relief under (b)(6). (ECF No. 154 at 1, 5). As referenced above, Lind makes two arguments that the Court's finding of procedural default was incorrect: (1) that his state habeas counsel was ineffective (thereby excusing his procedural default via *Martinez v. Ryan*), or, alternatively, (2) that the state court's procedural bar to hearing his IATC claim was not an adequate and independent ground. Under either standard— (b)(1) or (b)(6)—these arguments fail.

### i. *Martinez claim*

Lind previously raised the argument that his IATC claims were not procedurally defaulted via the *Martinez* exception in his § 2254 petition. (ECF No. 113 at 6, n.1, 7–8, 28–30). The only new argument he makes is based on a recent decision by the WVSCA in *Brian M. v. Ames*, No. 22-0301, 2023 WL 2385571, at *5 (W. Va., Mar. 7, 2023), which he claims supports his argument that his state habeas counsel was ineffective. (ECF No. 154 at 6). In *Brian M.*, the WVSCA declined to consider whether a petitioner has a "procedural autonomy right" to have habeas counsel raise all claims, regardless of merit. Nevertheless, Lind cites *Brian M.* for the proposition that he *does* have a right to have habeas counsel raise all claims regardless of merit, and that, accordingly, his state habeas counsel was ineffective for failing to raise his IATC claim in his first state habeas petition. Lind is wrong for two reasons.

10

First, *Brian M.* did not find a procedural autonomy right to assert meritless claims—the WVSCA did not consider whether such a right exists. 2023 WL 2385571, at *5 (W. Va., Mar. 7, 2023). Second, even if the WVSCA *had* recognized a procedural right of state habeas petitioners to have counsel raise all claims, regardless of merit, that would not support a finding that his IATC claims had escaped procedural default. To overcome procedural default and proceed on an IATC claim, a federal habeas petitioner must meet the standard outlined in *Martinez v. Ryan*, which requires that the underlying IATC claim have "some" merit. 566 U.S. 1, 14 (2012). The standard in *Martinez* would apply, even if West Virginia petitioners had a state law right to raise meritless claims in state habeas proceedings, as *Martinez* is federal law and controls in federal habeas cases. Thus, by arguing that he was entitled to have his state habeas counsel raise a meritless IATC claim, Lind has essentially conceded that he did not meet the requirements of *Martinez* and that his IATC claim was in fact procedurally defaulted.

Therefore, the ruling in *Brian M.*, which is the only new support Lind offers to show that his IATC claims were not procedurally defaulted, does not show that this Court made a mistake in finding procedural default. Nor has Lind shown the existence of any "extraordinary circumstances" that would justify relief under Rule 60(b)(6). Apart from *Brian M.*, Lind's arguments merely relitigate the same issues he raised previously in his § 2254 petition and Rule 59(e) motion. (ECF Nos. 113 at 29–30; ECF No. 126 at 27; ECF No. 132 at 4–7; ECF No. 154 at 3, 7). A movant is not entitled to relief in a Rule 60(b) motion where he simply asks the court to reconsider arguments previously presented. *United States v. Williams*, 674 F.2d 310, 31–313 (4th Cir. 1982). As such, the undersigned **FINDS** that Lind has not shown he is entitled to relief under Rule 60(b) with respect to his argument that his federal habeas claims were not procedurally defaulted because his

state habeas counsel was ineffective.[6]

### ii. *Adequate and Independent State Ground*

Lind also argues that the state habeas court's procedural bar was not an adequate and independent state ground. (ECF No. 154 at 5). Lind's present argument is a slightly more robust version of the argument he made in his Rule 59(e) motion, where he contended that he had not waived his IATC claims, citing to *Gibson v. Dale*, 173 W.Va. 681 (1984). (ECF No. 132 at 7–8). The arguments Lind made in his Rule 59(e) motion on this issue were vague, and he made no showing of a mistake that would have justified relief under Rule 59(e). (ECF No. 147 at 21) ("Although Petitioner's argument could be liberally construed as alleging that West Virginia's post-conviction habeas corpus laws are somehow unconstitutional, Petitioner does not make a substantive argument or identify a constitutional violation."). Lind now makes the same argument with slightly more clarity. He argues that the application of West Virginia's waiver rule was not an adequate and independent state ground, and, consequently, his IATC claims were improperly determined to be procedurally defaulted. (ECF No. 154 at 5).

The undersigned notes that at various places in his motion, Lind refers to the state court's procedural bar as "*res judicata*". (ECF No. 154 at 2, 5). Lind misinterprets the state courts' rulings. As explained by the WVSCA, the state habeas court considering Lind's

---

[6] Loosely related to this claim, Lind makes scattered references to "cumulative error" throughout his motion, connecting this concept to procedural default. (ECF No. 154 at 2, 5). These references are not sufficiently coherent for the undersigned to consider them. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that, though *pro se* complaints are to be liberally construed, district judges are not mind readers, and they cannot conjure up questions never squarely presented to the court). But the undersigned will note that the Fourth Circuit has already determined that a cumulative error analysis does not apply to IATC claims: that is, many alleged non-errors by trial counsel cannot collectively amount to ineffective assistance. *See McRant v. Warden MacDougall Corr. Inst.*, No. 6:14-CV-03179-JMC, 2015 WL 5092632, at *11 (D.S.C., Aug. 27, 2015) (citing *Fisher v. Angelone*, 163 F.3d 835, 852–53 (4th Cir.1998)). The undersigned previously found, and this Court adopted the finding, that none of Lind's alleged IATC claims had merit, and no cumulative error analysis could resurrect those claims.

12

second habeas petition did not apply *res judicata* to his first habeas petition, because Lind's counsel failed to appeal the denial of the first habeas petition. *See Lind v. Ames,* No. 18-0701, 2019 WL 6048907, at *2 (W. Va. Nov. 15, 2019). Accordingly, the state habeas court conducted an omnibus evidentiary hearing on Lind's second habeas petition, allowing him to offer evidence on the claims raised in the first petition, as well as those raised in the second petition. *Id.* At the conclusion of the evidence, the state habeas court found that Lind's first habeas counsel had discussed with him the necessity of including all claims in his first petition and that Lind "fully understood that any issue he did not raise at the time was waived forever." *Id.* This waiver was not based upon the doctrine of *res judicata*, however, but was based upon West Virginia law. *See* W. Va. Code § 53-4A-1 et seq.; *Losh v. McKenzie,* 166 W. Va. 762 (1981). Consequently, the state's procedural bar to Lind raising IATC claims after his first habeas petition arose from his failure to include those claims on his *Losh* list; thus, waiving them. The explicit application of *res judicata* did not occur until Lind's third state habeas petition was denied. *Lind*, 2019 WL 6048907, at *3. On appeal of that denial, Lind argued that neither his first nor his second habeas proceeding constituted an omnibus proceeding as envisioned by West Virginia statute. However, the WVSCA determined that the second proceeding included a full evidentiary hearing, "which triggered the application of the doctrine of res judicata to generally bar the filing of successive habeas petitions." *Id.* For that reason, as well as finding that Lind's third habeas attorney was not ineffective, the WVSCA affirmed the denial of Lind's third habeas petition. *Id.*

Accordingly, Lind's IATC claims were procedurally defaulted in this Court, not because of *res judicata*, but because they were waived when he did not raise them in his first state habeas proceeding, in accordance with West Virginia Code § 53-4A-1(c). (ECF

No. 113 at 26–28). As noted in the PF&R recommending dismissal of Lind's § 2254 petition, this Court has previously found that § 53-4A-1(c) is an adequate and independent ground to impose procedural default, and the Fourth Circuit has held that another state's procedural rule, which is nearly identical to § 53-4A-1(c), was an adequate and independent ground. (ECF No. 113 at 27). Lind cites various cases stating that a federal habeas court must determine whether a procedural bar is consistently and regularly applied to the types of claims raised by the petitioner, (ECF No. 154 at 4), but he makes no showing that the West Virginia courts have not consistently applied the waiver rule. Therefore, the undersigned **FINDS** that Lind has not shown he is entitled to relief under Rule 60(b) with respect to his argument that his federal habeas claims were not procedurally defaulted because the state court's procedural bar was not an adequate and independent state ground.

Lind also cites to *Cruz v. Arizona*, where the United States Supreme Court held that a particular Arizona Supreme Court case was such a novel and unforeseeable interpretation of law, that it could not constitute an adequate state procedural ground for the purposes of procedural default. 598 U.S. 17, 29 (2023). But the holding in *Cruz* has no relevance to Lind, who has not shown that there was any novel and unforeseeable application of a procedural bar by any West Virginia court in his state habeas proceedings. Lind has not clearly articulated any error or irregularity that could support a finding that the application of the waiver rule was not an adequate and independent state ground. Furthermore, although the WVSCA found that Lind had waived his IATC claims, it looked past the waiver issue, examined the IATC claims, and found that, in the alternative, his state petition should have been denied because his IATC claims were meritless. (ECF No. 113 at 27; ECF No. 126 at 27). In Lind's case, *both* the state and federal courts have looked

beyond the relevant procedural bar and determined that Lind failed to demonstrate that his trial counsel was ineffective and prejudiced Lind's defense. Accordingly, the undersigned further **FINDS** that even if Lind could show his claims were not waived and were not procedurally defaulted, both the state and federal courts examining his various habeas petitions have determined that his trial counsel's performance fell within the constitutionally adequate range, and Lind has not proven any constitutional errors that would warrant habeas relief or made any arguments that would justify relief from the order denying his Rule 59(e) motion.

Lind states in his instant motion that the state habeas court "failed to make mandatory inquiries" as required by Rule 9(b) of the West Virginia Rules of habeas procedure, "agreed with petitioner that the error took place in the initial habeas proceeding", and then refused to consider Lind's IATC claims. (ECF No. 154 at 2). But Lind presented this same argument in his Rule 59(e) motion, which the Court rejected. (ECF No. 147 at 18–21). Apart from *Cruz*, Lind's arguments regarding the adequacy of West Virginia's procedural bars were already raised in his Rule 59(e) motion and denied by this Court. (ECF No. 132 at 7–8; ECF No. 147 at 20–21; ECF No. 154 at 2–5). As previously stated, a movant is not entitled to relief under Rule 60(b) where he merely asks the court to reconsider arguments it has already considered. *United States v. Williams*, 674 F.2d 310, 31–313 (4th Cir. 1982). He has not shown this Court made a mistake justifying relief under Rule 60(b)(1), nor has he demonstrated that 'extraordinary circumstances' exist which would otherwise justify relief under (b)(6). Therefore, Lind has not shown he is entitled to relief under Rule 60(b) with respect to his argument that his federal habeas claims were not procedurally defaulted because the state court's procedural bar was not an adequate and independent state ground. Thus, the undersigned

15

**FINDS** that, in the event Lind's procedural default claims are not construed as successive habeas claims, they should be dismissed for lack of merit.

Lind insists that he "can keep petitioning this Court via post judgment motions until this Court adjudicates this issue." (ECF No. 154 at 6). He is plainly wrong. Federal habeas petitioners generally only have one chance to present their claims. Lind had his chance when he filed his § 2254 petition, and this Court denied it, finding that, even if his claims were not procedurally defaulted, his claims were without merit. He will not be rewarded for repeatedly making the same arguments in a different procedural posture. Lind also states, "this Courts [sic] ultimate job is to adjudicate questions of fact and law, not to procrastinate and ignore them." (*Id.*). Lind misunderstands the Court's role in federal habeas proceedings. A federal court's authority to grant a writ of habeas corpus to a state prisoner is severely restricted by the many procedural barriers and deferential standards put in place by AEDPA. The federal courts are not super-state supreme courts; they have an extremely limited role in reviewing alleged errors by state courts. Although Lind may not like the outcome, this Court has followed its statutory obligations in reviewing his § 2254 petition and his Rule 59(e) motion.

### C. *Ineffective Assistance of Trial Counsel*

In parts of the instant motion, Lind argues that his trial counsel was ineffective, raising substantive federal habeas claims. He argues that his trial counsel failed to investigate additional mitigating evidence, and he cites to a recent opinion by Justice Sotomayor in *Andrus v. Texas*, 142 S. Ct. 1866 (2023), in which she dissented from the Supreme Court's denial of petition for writ of certiorari. (ECF No. 154 at 6–7). As was explained in this Court's order denying Lind's § 2254 petition, Lind's petition included a claim that his trial counsel failed to call mitigating witnesses at sentencing, but it did not

16

include a claim that his trial counsel failed to *investigate* mitigating evidence. (ECF No. 126 at 29, n. 21). Rather, Lind raised the failure-to-investigate claim for the first time in his objections to the undersigned's PF&R, and the Court was not required to consider arguments raised for the first time in an objection to a PF&R. (*Id.*). Lind's argument in the instant motion that his trial counsel failed to properly investigate mitigating evidence would represent a new claim of constitutional error in his underlying criminal conviction, as it was not raised in his prior § 2254 petition. A new claim of constitutional error may not be raised in a Rule 60(b) motion, because it amounts to an unauthorized successive habeas claim. *See Bixby,* 86 F.4th at 1067; *Richardson v. Thomas*, 930 F.3d 587, 595–596 (4th Cir. 2019). Accordingly, the undersigned **FINDS** that this claim is successive and unauthorized and must be dismissed for lack of subject matter jurisdiction. *Id.*

### D. Other Alleged Errors in Order Denying Rule 59(e) Motion

Lind's instant motion makes other arguments not related to procedural default or the merits of his underlying habeas claims, and those arguments are properly raised in a Rule 60 motion. Lind argues that this Court failed to rule on his motion for leave to amend, and that this Court failed to address whether a substantive ineffective assistance of counsel claim could meet the cause and prejudice standard. (ECF No. 154 at 1, 5). As explained below, both claims are meritless and should be denied.

First, Lind argues the Court failed to rule on his motion for leave to amend his Rule 59(e) motion. (ECF No. 154 at 1). The Court did omit Lind's motion for leave to amend from its order dismissing his Rule 59(e) motion. (ECF No. 147). The motion for leave to amend was rendered moot by the Court's dismissal of Lind's Rule 59(e) motion, and the Court should have included language to this effect in that order. But, as mentioned previously, the docket reflects that the Court later corrected that clerical error and

17

dismissed Lind's motion for leave to amend, pursuant to the same order denying his Rule 59(e) motion. Because the initial omission was merely a clerical error and not an error of law, it would not justify relief under Rule 60(b), *see Rhodes v. Hartford Fire Ins. Co.*, 548 F. App'x 857, 859 (4th Cir. 2013) (explaining the distinction between Rule 60(a), reserved for clerical errors, and 60(b), reserved for legal errors), and the Court subsequently corrected its mistake. Therefore, the undersigned **FINDS** that Lind has not demonstrated he is entitled to relief from the judgment.

Lind also argues, in a heading, that this Court failed to answer whether a substantial ineffective assistance of counsel claim would meet the cause and prejudice standard. (ECF No. 154 at 5) ("An additional question that Petitioner believes this Court never directly addressed is 'does a substantial claim of ineffective assistance of trial counsel at sentencing' meet the cause and prejudice standard?"). This standalone heading is not explained anywhere else in the motion; the paragraphs following it discuss issues with procedural default and cumulative error, but they do not mention cause and prejudice and do not attack the Court's denial of the Rule 59(e) motion. (ECF No. 154 at 5–7). It is unclear what Lind means to argue by claiming that the Court never addressed whether a substantial claim of ineffective assistance of counsel would meet the cause and prejudice standard. The Supreme Court held in *Martinez v. Ryan* that a substantial claim of ineffective assistance of counsel *would* meet the cause-and-prejudice standard to overcome a procedural default, as this Court stated in its order denying Lind's Rule 59(e) motion. (ECF No. 147 at 12–13). To the extent that Lind may be attempting to ask the Court to reconsider its finding that Lind had not made a substantial IATC claim, that request is inappropriate. A Rule 60(b) motion is not a substitute for a proper appeal, *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir.1993), and relief

18

is inappropriate where a litigant seeks to merely re-argue issues already decided against him. *Dial v. Johnson*, No. CIVA 3:09CV004, 2009 WL 2872519, at *1 (E.D. Va., Sept. 4, 2009). Accordingly, the undersigned **FINDS** Lind has not shown that he is entitled to relief under Rule 60(b), and the above claims—that the Court failed to rule on his motion for leave to amend, and that the Court failed to address whether a substantial IATC claim would meet the cause-and-prejudice standard—should be denied.

### III. Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Lind's Motion for Relief from Judgment, (ECF No. 154), be **DISMISSED, in part,** and **DENIED, in part**.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

19

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Johnston, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: December 20, 2023

_____
Cheryl A. Eifert
United States Magistrate Judge