IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

          Petitioner,

v.                                                      CIVIL ACTION NO.  2:14-cv-26284

DONALD AMES,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Jonathan Lind's ("Lind") *pro se* Motion for Relief from Judgment pursuant to Rule 60(b).  (ECF No. 154.)  On June 23, 2023, the Court referred this motion to United States Magistrate Judge Cheryl A. Eifert for submission of proposed findings and a recommendation for disposition ("PF&R").  (ECF No. 155.)

On December 20, 2023, Magistrate Judge Eifert filed a PF&R, finding that Lind's motion raised both successive habeas claims and true Rule 60(b) claims, and recommending that this Court dismiss the former and deny the latter.  (ECF No. 158.)  Subsequently, Lind moved the Court for an additional 45 days to file objections.  (ECF No. 159.)  The Court granted the motion and ordered that objections be filed no later than February 22, 2024.  (ECF No. 160.)  Lind filed objections to the PF&R on February 22, 2024.  (ECF No. 161.)[1]

---

[1] The Court received Lind's objections through the mail one day after the filing deadline.  Consequently, they were docketed on February 23, 2024.  However, his objections are still considered timely because the envelope is post-marked February 22, 2024.  *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (holding that a prisoner's pleadings are considered filed at the moment they are delivered to the prison authorities for forwarding to the court).

For the reasons discussed herein, the Court **OVERRULES** Lind's objections, (ECF No. 161), **ADOPTS** the PF&R to the extent consistent with this Memorandum Opinion and Order, **DISMISSES IN PART** Lind's motion, (ECF No. 154), for lack of jurisdiction to the extent it is a successive § 2254 petition**,** and **DENIES IN PART** the motion, (*id.*), to the extent it presents true Rule 60(b) claims.

## I.    BACKGROUND

A detailed recitation of the extensive facts of this action can be found in Magistrate Judge Eifert's PF&R, (ECF No. 158), and therefore need not be repeated here.  The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Lind's objections.

## II.    STANDARD OF REVIEW

### A. Review of Magistrate Judge's Findings and Recommendations

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a *de novo* review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

B.  *Rule 60(b) Relief*

"Rule 60(b) [of the Federal Rules of Civil Procedure] authorizes a district court . . . to relieve a party from a final judgment, order, or proceeding for any reason justifying relief from the operation of the judgment." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011) (en banc) (cleaned up).  A party seeking relief under Rule 60(b) must first meet each following threshold requirements: (1) timeliness; (2) a meritorious claim or defense; (3) no unfair prejudice to the opposing party by having the judgment set aside; and (4) exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017).  Once a movant makes this threshold showing, he must demonstrate that he is entitled to relief under one of the six subsections of Rule 60(b). *Id.*  Further, the movant "must clearly establish the grounds therefor to the satisfaction of the district court," and those grounds "must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (citations omitted).

The two relevant subsections here are "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justified relief." Fed. R. Civ. P. 60(b).  "The terms 'mistake, inadvertence . . . or excusable neglect' found in Rule 60(b)(1) are often used interchangeably or in conjunction with each other." *Justus v. Clarke*, 78 F.4th 97, 108 (4th Cir. 2023).  A "mistake" under Rule 60(b)(1) occurs when "the judge has made a substantive mistake of law or fact in the final judgment or order," as well as where "a party has made an excusable litigation mistake." *Id.* (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996)).  Rule 60(b)(6) requires "extraordinary circumstances" as "reason that justifies relief." *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011).  Although a Court may grant relief based on either of these grounds, the Fourth Circuit has held that a Rule 60(b) motion "is not a substitute for a timely and proper appeal." *Dowell*, 993 F.2d at 48 (citing *Ackermann v. United States*, 340 U.S. 193, 198 (1950)). Put another

3

way, "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *U.S. v. Williams*, 674 F. 2d 310, 312 (4th Cir. 1982).

    C.  *Rule 60(b) Motions and the Antiterrorism and Effective Death Penalty Act of 1996*

While Rule 60(b) applies to federal civil litigation generally, federal habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); 28 U.S.C. § 2244(b). AEDPA strictly limits the ability of federal prisoners to file more than one habeas petition. *Banister*, 140 S. Ct. at 1704 (citing *Magwood v. Patterson*, 561 U.S. 320, 333–334 (2010)); 28 U.S.C. § 2244(b). Specifically, "[t]o file a second or successive application in a district court, a prisoner must *first* obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements. *Banister*, 140 S. Ct. at 1704 (emphasis added) (citing 28 U.S.C. § 2244(b)(3)(C)). If a movant files a second or successive petition in the district court without first seeking authorization from the court of appeals, the district court must dismiss the petition for lack of jurisdiction. *See United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Importantly, a habeas petitioner cannot avoid the second or successive gatekeeping mechanism of the AEDPA by raising habeas claims in a filing that he designates as a Rule 60(b) motion. *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). In that case, a "district court's judgment denying the initial § 2254 petition resolv[ing] each of [petitioner's] claims on the merits" makes it "all the more likely that any Rule 60(b) motion seeking to revisit that judgment would be in tension with AEDPA's limits on second or successive habeas petitions." *Bixby v. Stirling*, 90 F.4th 140, 149 (4th Cir. 2024) (citing *Gonzalez*, 545 U.S. at 533)).

## III. DISCUSSION

Lind offers three enumerated objections to the PF&R. (*See* ECF No. 161.) Consistent with Lind's previous filings before this Court, Lind's objections are, at times, "difficult to comprehend" because he "conflates facts, as well as concepts." (ECF No. 158 at 3.) Additionally, his enumerated objections contain multiple and often overlapping arguments in opposition to the Magistrate Judge's findings or recommendations. Nevertheless, the Court has liberally construed his objections, and discusses each of his arguments below.

### A. Objection that No Merits Based Determination of Lind's Ineffective Assistance of Trial Counsel ("IATC") Claims Has Been Made

Lind's first objection appears to allege multiple and varying theories of error on the part of the Magistrate Judge. In it, Lind seems to argue that his IATC claims have never been adjudicated on the merits, and therefore he should be able to overcome procedural default. (*See* ECF No. 161 at 1–5.) In essence, Lind claims that because the state habeas court found his IATC were waived under West Virginia Code § 53-4A-1(C), and therefore procedurally defaulted in his federal habeas petition, no Court has ever truly heard his IATC claims. (*Id.*) This, he believes, means that no court has ever made a true merits-based decision on his federal habeas petition.[2] (*Id.* at 4.)

These objections largely mirror arguments made in his Rule 60(b) motion, (*see generally* ECF No. 154), which the Magistrate Judge addressed in her PF&R, (ECF No. 158). There, the Magistrate Judge found that Lind's argument would *hypothetically* fall under Rule 60(b), and thus escape dismissal for lack of subject matter jurisdiction, if the federal habeas Court had *only* relied on procedural default to deny is federal habeas petition. (ECF No. 158 at 9.) However, the Court

---

[2] In this same objection, Lind also argues that the ineffective assistance of his first state habeas counsel was a contributing external factor that allows him to overcome procedural default. However, this portion of the objection overlaps with his later objections and will, thus, be addressed later in this opinion.

did not rely on procedural default alone. Instead, it also conducted a merits-based analysis of Lind's IATC claims and found that at all stages of this litigation, both pre- and post-conviction, his counsel was constitutionally adequate. (ECF No. 158 at 9; *see also* ECF Nos. 113 at 35–41, 126 at 18–27, 147 at 11–18.) Therefore, because Rule 60(b) motions are only applicable to federal court rulings that *do not* include a merits determination, the Magistrate Judge recommended that Lind's arguments regarding procedural default be dismissed for lack of subject matter jurisdiction. (*Id.* at 9-10.) Although Lind insists that the Magistrate Judge is incorrect and that his IATC were never adjudicated on the merits, he is simply wrong.

This Court has thoroughly examined his numerous claims that his trial counsel was ineffective and determined those claims to be meritless.[3] First, this Court denied Lind's federal habeas petition, (ECF No. 63, 88, 107), because under *Strickland v. Washington*, 466 U.S. 668 (1984),[4] his "trial counsel was not ineffective or his actions did not prejudice Lind, and that, to the extent the state habeas court reached the merits of his ineffective assistance claims, those decisions were not contrary to, or an unreasonable application of, federal law." (ECF No. 158 at 9 (citing ECF Nos. 113 at 26–41, 126 at 23–32).) The Court revisited these claims in Lind's motion to alter or amend that judgment, (ECF No. 137), and examined whether it had made any clear error in determining that Lind's ineffective assistance of counsel claims were meritless, (ECF No. 147 at

---

[3] The state court in Lind's second habeas petition also found Lind's IATC claims to be meritless, saying "upon a review of the record of the underlying trial, this Court finds no grounds on which to base any allegation of ineffective assistance of trial counsel." (ECF No. 90-9 at 10 n.3.)

[4] In *Strickland*, the Supreme Court annunciated a two-prong test for determining whether counsel was ineffective. Under this test, a defendant must show (1) "that counsel's performance was deficient[,]" which requires a "showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[,]" which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687; *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citing *Strickland*).

11–18). After careful review, the Court determined that its prior determination included no mistake or fundamental flaw. (*Id.* at 16.)

This Court's previous denial of these claims on the merits is sufficient to preclude Lind from re-opening the issue of procedural default in a Rule 60(b) motion. As such, the "substance" of Lind's "Rule 60(b) motion confirms that he 'seeks to revisit the federal court's denial *on the merits* of a claim for relief,' something that *Gonzalez* repeatedly states 'should be treated as a successive habeas petition.'" *Bixby*, 90 F.4th at 149 (quoting *Gonzalez*, 545 U.S. at 534). Because this Court's prior merits-based denial of Lind's IATC claims precludes rehearing those claims through a Rule 60(b) motion, those claims must be dismissed as a successive habeas petition. *See Joy*, 585 F. App'x 33, 34.

Accordingly, Lind's objections to this portion of the PF&R are **OVERRULED**.[5]

B. *Look Through Analysis Objection*

In the same objection, Lind also objects to this Court's application of the "look through doctrine." (ECF No. 161 at 1.) This objection is puzzling because the Court never conducted a "look through" analysis. More importantly, the look through doctrine is inapplicable in this case.

To be sure, "federal habeas law employs a 'look through' presumption" that applies in certain circumstances. *Wilson v. Sellers*, 584 U.S. 122, 128 (2018). The threshold step in any federal habeas case requires the federal court to assess whether the state court's decision on the merits meets the requirements of § 2254(d).[6] *Williams v. Stirling*, 914 F.3d 302, 311–13 (4th Cir.

---

[5] Lind also argues that the state habeas court violated Rule 9(b) of the West Virginia Rules of Appellate procedure by failing to give him an adequate evidentiary hearing and inquire as to whether he had raised all available grounds for habeas corpus relief. However, as this Court has already noted in a previous opinion, the state court did grant Lind an omnibus evidentiary hearing in his second state habeas proceeding to develop all of his available grounds for relief. (ECF No. 125 at 9 n.7.)

[6] Section 2254(d) provides:

2019). That is, the federal habeas court must determine whether the state habeas court's decision was contrary to or an unreasonable application of Supreme Court precedent or an objectively unreasonable factual determination. *See id*. When the relevant state court decision involves a summary denial, "the federal habeas court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "assume that the unexplained decision adopted the same reasoning." *Wilson*, 584 U.S. at 125.

Here, there was no such summary denial of Lind's claim. The Supreme Court of Appeals of West Virginia ("SCAWV") authored thorough and well-reasoned opinions regarding Lind's first, second, and third state habeas petitions. *See Lind v. Ballard* ("*Lind I*"), No. 14-0116, 2015 WL 5125884 (W. Va. Aug. 31, 2015); *Lind v. Ballard* ("*Lind II*"), No. 16-1033, 2017 WL 4570572 (W. Va. Oct. 13, 2017). Ultimately, the SCAWV found that Lind waived his IATC because he did not include it on his *Losh* list,[7] *Lind I* at *5, and that even if he had brought the claim, it would fail because "there [were] no grounds to support a claim of ineffective assistance of [trial] counsel," *id.* at *3. Put simply, there is no shortcoming in these opinions that necessitated a "look through" analysis.

---

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

[7] West Virginia law requires habeas petitioners and their counsel to sign and submit a *Losh* list, which is a form document that includes a non-exhaustive list of 53 common grounds for relief available in state habeas proceedings. *Losh*, 277 S.E.2d at 611. The petitioner must then mark each ground for relief that he is pursuing before he and his counsel sign the Losh list. Any grounds for relief not marked by the petitioner are thereby presumed to be waived. W. Va. Code § 53-4A-1.

Because the look through doctrine is inapplicable, Lind's objections to this portion of the PF&R are **OVERRULED**.

C. *Procedural Default Objections*

In addition to finding that this Court's merits-based denial of his IATC claims precluded Rule 60(b) relief on the issue of procedural default, the Magistrate Judge also found that, *even if* Lind had raised proper procedural default arguments, he failed to show that he is entitled to relief under Rule 60(b)(1) or 60(b)(6). (ECF No. 158 at 10.) Specifically, the PF&R rejected Lind's claims that (1) his procedural default should be excused under the *Martinez* exception because his state habeas counsel was ineffective for failing to fully develop his IATC claims, or (2) that the state court's procedural bar to hearing his IATC claim was not an adequate and independent ground precluding federal review.[8] (*Id.*) In response, Lind asserts multiple theories as to how the Magistrate Judge erred in finding that his claims were procedurally defaulted. (ECF No. 161 at 6.) Each is discussed below.

1. Waiver

Lind argues that the state habeas court violated Rule 9(b) of the West Virginia rules of Habeas Procedure, which denied him the opportunity to fully understand the issue of waiver. (ECF No. 161 at 1–3.) As such, he effectively claims that West Virginia Code § 53-4A-1 was not truly an adequate and independent state ground for procedural default purposes. Construing this argument liberally, Lind appears to object to a portion of the PF&R discussing how "Lind's IATC claims were procedurally defaulted in this Court . . . because they were waived when he did not

---

[8] *See Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017) ("Federal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground."); *Green v. Ballard*, No. 3:02-1348, 2015 WL 1612198, at *5 (S.D.W. Va. Apr. 10, 2015) (recognizing that West Virginia Code § 53-4A-1(c) is "an adequate and independent state ground," for procedural default purposes).

raise them in his first state habeas proceeding, in accordance with West Virginia Code § 53-4A-1(c)."[9] (ECF No. 158 at 14.)

To the extent Lind argues this is a mistake or extraordinary circumstance justifying Rule 60(b) relief, he is wrong. The Court agrees with the Magistrate Judge in that "this Court has previously found that § 53-4A-1(c) is an adequate and independent ground to impose procedural default, and the Fourth Circuit has held that another state's procedural rule, which is nearly identical to § 53-4A-1(c), was an adequate and independent ground." (ECF No. 158 at 14 (citing ECF No. 113 at 27).) Lind's contention that a procedural error in his first state habeas proceeding nullified his waiver of certain claims is not a new one. The Court has already rejected it, (*see* ECF Nos. 126 at 27–28, 147 at 18–24), and Lind does not offer any new argument indicating a substantive mistake of law in reaching that conclusion. Instead, by his own admission, he presents issues that he has "consistently argued . . . before this Court." (ECF No. 161 at 2.) As such, Lind yet again asks the Court to change its mind, something Rule 60(b) does not allow. *Williams*, 674 F.2d at 313 ("Where the motion is nothing more than a request that the district court change its mind, however, it is not authorized by Rule 60(b)").

Because Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue, his objections to the portion of the PF&R are **OVERRULED**.

---

[9] The second state habeas court and the SCAWV have already determined that Lind's waiver of the IATC claims was proper, and he has not directly challenged that waiver before this Court. Rather, he has attempted to resurrect this waived claim by way of ineffective assistance of habeas counsel claims that have already been addressed. (*See* ECF No. 113 at 6 n.1 ("Lind concedes that ineffective assistance of habeas counsel is not a basis for federal habeas relief. Rather, Lind discusses the deficiencies of his habeas counsel as a means to excuse the procedural default of his [IATC] claims.") (citations omitted).)

## 2. Failure to Properly Construe Claim

In its orders denying Lind's federal habeas petition and his Rule 59(e) motion, "this Court noted that, because Petitioner only alleged that his counsel failed to *call* mitigating witnesses, rather than failing to *investigate* whether those witnesses could provide mitigating testimony, it was not obligated to consider the latter theory, as it related to a new claim raised for the first time in Petitioner's objections to the PF&R." (ECF No. 147 at 13 (citing ECF No. 126 at 29 n.21). In the latest PF&R, the Magistrate Judge recounts that determination. (ECF No. 158 at 16–17.) In his objections, Lind argues that this Court's distinction attacked the form, rather than the substance, of his claim. (ECF No. 161 at 6–7.) In doing so, he alleges, the Court failed to liberally construe his pleadings in accordance with *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

To start, Lind does "not direct the Court to a specific error" in this PF&R. *Orpiano*, 687 F.2d at 47. Instead, he finds fault in the Court's previous determination, (*see* ECF No. 147 at 13), and, again, attempts to improperly use his Rule 60(b) motion to revisit the Court's prior judgment, *Bixby*, 90 F.4th at 149 (citing *Gonzalez*, 545 U.S. at 533)). Lind's argument is unconvincing, nonetheless.

While it is true that courts must liberally construe *pro se* pleadings, the Court is not required to "to act as an advocate for a *pro se* litigant." *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978). In other words, the "district judges are not mind readers, and they cannot conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The fact remains that Lind's federal habeas petition never raised a claim based on trial counsel's failure to *investigate* mitigating witnesses he thinks should have been called to testify, (*see generally* ECF Nos. 63, 88, 107), which is a "separate and distinct claim" from the failure to

11

*call* witnesses. *Pillette v. Berghuis*, 408 F. App'x 873, 883 (6th Cir. 2010) (citing *English v. Romanowski*, 602 F.3d 714, 725–28 (6th Cir. 2010) (treating failure to call and failure to investigate as analytically distinct)).

At bottom, Lind's argument that this court failed to liberally construe his pleadings does not justify Rule 60(b)(1) relief because it fails to "clearly establish" a mistake by the court, let alone show that such a mistake is "clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d at 3. Likewise, his objection fails to demonstrate extraordinary circumstances justifying relief under Rule 60(b)(6). Therefore, this portion of his objections to the PF&R is **OVERRULED**.

    3.   Procedural Autonomy Right

Lind also argues that he had an "autonomy right" that allowed him to "insist that all of his claims were raised regardless of habeas counsel's opinion of their legal merit." (ECF No. 161 at 2.) Based on this supposed "autonomy right," Lind claims that he could not have waived his IATC claims in his state habeas petition. (*See id.*) This objection seems to argue that the Magistrate Judge erred in her finding that "Lind's IATC claims were procedurally defaulted in this Court . . . because they were waived when he did not raise them in his first state habeas proceeding, in accordance with West Virginia Code § 53-4A-1(C)." (*See* ECF No. 158 at 13 (citing ECF No. 113 at 26–28).) He contends that, because he was deprived of his rights to procedural autonomy, he did not knowingly and intentional waive the IATC claim. (*See* ECF No. 161 at 2–4.)

No such procedural autonomy right exists. Lind's claim that the SCAWV recognized a "procedural autonomy right" that would have required his habeas counsel to present his IATC counsel claims— regardless of merit—in *Brian M. v. Ames*, 22-0301, 2023 WL 2385571 (W. Va., Mar. 7, 2023), is untrue. The SCAWV in *Brian M.* declined to consider whether a petitioner has

a "procedural autonomy right" to have habeas counsel raise all claims, regardless of merit. *Brian M.* at *5. Therefore, Lind's arguments fail insofar as they rely on *Brian M.*

Because Lind relies on a misunderstanding of West Virginia law to support his claims of error in the PF&R, he has not shown this Court made a mistake justifying relief under Rule 60(b)(1), nor has he demonstrated extraordinary circumstances that would otherwise justify relief under (b)(6). Accordingly, his objections to this portion of the PF&R are **OVERRULED**.

    4. Concession of Meritless Claims

From the PF&R's discussion of *Brian M.*, Lind objects to the Magistrate Judge's finding that Lind "essentially conceded that he did not meet the requirements of *Martinez* and that his IATC claim was in fact procedurally defaulted." (ECF No. 158 at 11.) Specifically, he argues that he "never conceded that his claims were meritless, or that the *Martinez* standard was not met in this case." (ECF No. 161 at 8.) This argument ignores the Magistrate Judge's findings.

The Magistrate Judge did not rely on any alleged concession Lind did or did not make. Instead, the PF&R notes that "[a]part from *Brian M.*, Lind's [procedural default] arguments merely relitigate the same issues he raised previously in his § 2254 petition and Rule 59(e) motion." (ECF No. 158 at 11.) A movant is not entitled to relief in a Rule 60(b) motion where he simply asks the court to reconsider arguments previously presented. *Williams*, 674 F.2d at 312.

Thus, because the Magistrate Judge did not rely on any concession by Lind to conclude that his IATC claims were procedurally defaulted, his objections to this portion of the PF&R are **OVERRULED**.

5. Cumulative Error

Lind next objects to the Magistrate Judge's interpretation of his arguments against procedural default. (ECF No. 161 at 6–8.) The Magistrate Judge noted that Lind's Rule 60(b) motion "argu[es] that his federal habeas claims were not procedurally defaulted, either because the state court's procedural bar to considering his IATC claims was not an adequate and independent state ground, or because his state habeas counsel was ineffective and failed to raise his IATC claims." (ECF No. 158 at 8.) Lind's objection seeks to clarify that he is actually arguing that he can overcome procedural default via "cumulative error," which he describes as the existence of "multiple errors [that] make it impossible for [him] to comply with the established state procedural rule." (ECF No. 161 at 6; *see also id.* at 4 (arguing that cumulative errors outside of his control are sufficient to overcome procedural default).) He seems to further object to the Magistrate Judge's finding that that the Fourth Circuit has not decided whether cumulative error can defeat procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Thompson v. Coleman*, 501 U.S. 722 (1991).[10] (ECF No. 161 at 8).

---

[10] *Coleman* established a general rule that "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 566 U.S. 10. However, *Coleman* left open the question of whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *Id.* at 9. The Supreme Court answered that question in *Martinez* when it recognized that

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (third and fourth alterations in original) (emphasis omitted) (quoting *Martinez*, 566 U.S. at 13-18). A "substantial" claim is one that "has some merit." *Martinez*, 566 U.S. at 14. The Supreme Court later clarified that the *Martinez* exception applied in a jurisdiction that does not require an IAOC claim to be raised in an initial collateral review proceeding, such as West Virginia. *See* 569 U.S. at 429.

Lind is mistaken. "The Fourth Circuit Court of Appeals does not recognize the cumulative error doctrine to find error where the individual errors are not proven." *McRant v. Warden MacDougall Corr. Inst.*, No. 6:14-CV-03179-JMC, 2015 WL 5092632, at *11 (D.S.C. Aug. 27, 2015) (citing *Fisher v. Angelone*, 163 F.3d 835, 852–53 (4th Cir.1998)). To put it another way, Lind cannot argue that a number of unproven errors may be aggregated together to form a constitutional violation. *Causey v. McCall*, C.A. No. 4:13–581–TMC, 2014 WL 130447, at *16 (D.S.C. Jan.14, 2014). This rule is not altered by the mere invocation, without explanation, of *Martinez* and *Coleman*.

Still, Lind asserts at least three alleged errors that he believes aggregate together to satisfy "cause" under the *Martinez* exception: (1) his first state habeas counsel failed to develop his IATC claims; (2) the initial state habeas court failed to follow Rule 9 of the West Virginia Rules of Habeas Procedure by not including specific findings of fact and/or conclusions of law relating to the *Losh* list; and (3) the second state habeas court failed to rule on his "supplement" to his habeas petition wherein he sought to raise, *pro se*, his IATC claims. (ECF No. 161 at 4, 6–8.) However, despite what Lind may believe, the Court will not change its mind simply because he continues to file post-judgment motions riddled with the same arguments it has already considered. (*See* ECF No. 154 at 6.) The *Martinez* exception *still* does not apply to Lind's case. (ECF Nos. 126 at 28–32, 147 at 13–16.)[11]

---

[11] Lind also poses an objection "regarding Petitioner[']s Innefective assistance of trial counsel at sentencing claim." (ECF No 161 at 9–10.) However, this "objection" does not point to any portion of the PF&R to which he is objecting, nor does it identify an alleged error with specificity. (*See id.*) Instead, Lind seems to utilize this objection in an attempt to revive his Motion for Appointment of Counsel to Conduct Discovery and Expand the Record to fully Develop *Martinez* Claims and for an Evidentiary Hearing and Motion to Provide Supplemental Information, (ECF No. 95). Accordingly, this is not an objection to the current PF&R that is entitled to de novo review by this Court. *Orpiano*, 687 F.2d at 47. Therefore, this portion of his objections to the PF&R is **OVERRULED**.

Accordingly, Lind has not "clearly establish[ed]" any mistake "substantiated by adequate proof" that entitles him to relief under Rule 60(b)(1), *In re Burnley*, 988 F.2d at 3, nor has he shown the existence of any extraordinary circumstances justifying relief under Rule 60(b)(6). Therefore, this objection is **OVERRULED**.

D. *Rule 59(e) Objection*

In his Rule 60(b) motion, Lind seemingly argues that this Court's failure to rule on his motion to leave to amend his Rule 59(e) motion, (ECF No. 137), was a substantial mistake of law justifying relief under Rule 60(b)(1). (ECF No. 154 at 5–6.) The Magistrate Judge found that his motion for leave to amend was rendered moot by the Court's order dismissing his Rule 59(e) motion, and that a failure to include language in the order to that effect was clerical error not justifying Rule 60(b) relief. (ECF No. 158 at 17–18.) Further, the Magistrate Judge found that the Court corrected this clerical error when it directed the Clerk of the Court to terminate the motion pursuant to the same order denying his Rule 59(e) motion. (*Id.*) Now, in his objections to the PF&R, Lind argues that the Court was required under Federal Rule of Civil Procedure 15(a) to allow him to amend his motion or provide reasons for denying the motion. (ECF No. 161 at 5–6.)

Lind is incorrect. To be sure, Rule 15 of the Federal Rules of Civil Procedure allows a party to amend a "*pleading*" with the court's leave. Fed. R. Civ. P. 15(a)(2). However, this rule is not applicable here because Lind's Rule 59(e) motion is *not* a pleading under the Federal Rules. *See* Fed. R. Civ. P. 7(a) ; *see also* Advisory Committee's Notes on Fed. R. Civ. P. 15's 2009 Amendment (explaining that "a motion is not a 'pleading' as defined in Rule 7"). As such, the Court had no obligation to provide its reasons for terminating his motion to amend his Rule 59(e) motion.

While the Court, in its order denying the Rule 59(e) motion, should have included language that expressly denied his motion to amend, the failure to do so was merely a clerical error—which has since been corrected—and not a substantive error of law. Moreover, the arguments Lind makes in the motion to amend have already been addressed in prior orders of this Court, or in this one. Consequently, he has failed to "clearly establish" any mistake that would satisfy Rule 60(b)(1). *In re Burnley*, 988 F.2d at 3. Therefore, this objection is **OVERRULED**.

### IV.     CONCLUSION

In his objections, Lind recognizes that "he is nearing the end of his litigation road." (ECF No. 161 at 10.) Indeed, that end has already passed. His claims of IATC and associated procedural claims have been repeatedly rejected on the merits by the state courts and this Court. Any further motions will be received with the skepticism reserved for frivolous litigation.

For the reasons stated above, the Court **OVERRULES** Lind's objections, (ECF No. 161), **ADOPTS** the Magistrate Judge's PF&R, (ECF No. 158), **DISMISSES IN PART** Lind's motion for lack of jurisdiction to the extent it is a successive § 2254 petition, (ECF No. 154), and **DENIES IN PART** the motion to the extent it presents true Rule 60(b) claims, (*id.*).

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     September 30, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE