# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JONATHAN JOSEPH LIND,

    Petitioner,

v.               CIVIL ACTION NO. 2:14-cv-26284

DONALD AMES,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Jonathan Lind's ("Lind") *pro se* Motion for a Certificate of Appealability. (ECF No. 169.) For the reasons discussed herein, the motion is **DENIED**.

### I. BACKGROUND

A detailed recitation of the extensive facts of this action can be found in Magistrate Judge Eifert's Proposed Findings and Recommendations ("PF&R"), (ECF No. 158), and therefore need not be repeated here. The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Lind's motion.

### II. LEGAL STANDARD

A certificate of appealability will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.

*Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 437, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

## III.   ANALYSIS

Lind seeks a certificate of appealability ("COA") on multiple issues. As always, Lind's arguments are overlapping and have been consolidated for clarity. Each issue is discussed below.

### A. Procedural Default

In Lind's second state habeas proceeding,[1] the Supreme Court of Appeals of West Virginia ("SCAWV") found that Lind waived his ineffective assistance of trial counsel ("IATC") claim

---

[1] Lind has filed numerous state habeas petitions:

> On October 2, 2008, petitioner filed a petition for a writ of habeas corpus in the circuit court, requesting a new trial. . . . By order entered April 17, 2009, the circuit court denied petitioner's request for habeas relief. On April 28, 2009, petitioner filed a notice of appeal. . . . However, no appeal from the circuit court's April 17, 2009, order denying petitioner's first habeas petition was ever filed.
>
> On November 17, 2009, petitioner filed a second habeas petition.
> \*\*\*
>
> By order entered January 9, 2014, the circuit court denied petitioner's second habeas petition.
> \*\*\*
>
> Petitioner appealed the circuit court's January 9, 2014, order denying his second habeas petition to this Court, which affirmed the circuit court's ruling in *Lind v. Ballard* ("*Lind I*"), No. 14-0116, 2015 WL 5125884, at \*7 (W. Va. August 31, 2015) (memorandum decision). . . . On January 29, 2016, petitioner filed a third habeas petition, raising ineffective assistance of counsel. . . . By order entered on October 26, 2016, the circuit court denied petitioner's third habeas petition without a hearing and without appointment of counsel.
>
> Petitioner appealed the circuit court's October 26, 2016, order in *Lind v. Ballard* ("*Lind II*"), No. 16-1033, 2017 WL 4570572 (W. Va. October 13, 2017) (memorandum decision).
> \*\*\*
>
> . . .we affirmed the circuit court's denial of petitioner's third habeas petition.
>
> [O]n June 14, 2018, petitioner filed a fourth habeas petition . . . . In a second order entered July 23, 2018, the circuit court dismissed the habeas petition . . . . Petitioner appealed . . . .

*Lind v. Ames*, No. 18-0701, 2019 WL 6048907, at \*4 (W. Va. Nov. 15, 2019) (denying Lind's fourth habeas petition).

because he did not include it on his *Losh* list,[2] *Lind v. Ballard*, No. 14-0116, 2015 WL 5125884 at *5 (W. Va. Aug. 31, 2015), and that *even if he had brought the claim*, it would fail because "there [were] no grounds to support a claim of ineffective assistance of [trial] counsel," *id.* at *3. Lind has been disputing this procedural default ever since.

Now is no different. Lind claims that he did file an IATC claim in his first habeas proceeding.[3] (ECF No. 169 at 2.) For support, Lind points to a supplemental *pro se* petition for habeas corpus he filed in his first state habeas proceeding on April 13, 2009. (*Id.* (referencing ECF No. 161-1); *see also* ECF No. 169 at 3 (claiming that his habeas counsel's amended habeas petition "basically acted as a broom and swept [his] pro se claims under the judicial rug").) Yet, as this Court has already noted, the SCAWV ruled on the merits of Lind's IATC claims despite the fact that they were procedurally defaulted. (ECF No. 126 at 27.) Further, this Court has thoroughly addressed the merits of these claims. (*See, e.g.*, ECF Nos. 113 at 26–41;126 at 18–27.)

Lind nevertheless argues that "[t]here can be no decision on the merits of the claims [the Court] ruled are procedurally defaulted because the merits of the claim . . . was [sic] not fully developed." (ECF No. 169 at 3.) Specifically, Lind is referring to his IATC claim based on the failure to investigate and failure to call witnesses. (*Id.*) There are two things to note, which have already previously been addressed by this Court.

---

[2] West Virginia law requires habeas petitioners and their counsel to sign and submit a *Losh* list, which is a form document that includes a non-exhaustive list of 53 common grounds for relief available in state habeas proceedings. *Losh v. McKenzie*, 277 S.E.2d 606, 611 (W. Va. 1981). The petitioner must then mark each ground for relief that he is pursuing before he and his counsel sign the Losh list. Any grounds for relief not marked by the petitioner are thereby presumed to be waived. W. Va. Code § 53-4A-1.

[3] Lind also suggests that the Court "might want to defer ruling on this part of [his] motion" until the SCAWV resolves a "procedural autonomy issue" in a state habeas petition in "Brian M." (ECF No. 169 at 3.) However, as this Court has previously explained, "the SCAWV in *Brian M.* declined to consider whether a petitioner has a 'procedural autonomy right' to have habeas counsel raise all claims, regardless of merit." (ECF No. 168 at 12–13 (citing *Brian M. v. Ames*, 22-0301, 2023 WL 2385571 (W. Va., Mar. 7, 2023).)

First, in his most recent federal habeas proceeding, Lind did not raise an IATC claim for failure to investigate. (*See* ECF No. 126 at 29, n. 21 (explaining that "Petitioner's claim that his trial counsel was ineffective for 'fail[ing] to call any witnesses during sentencing,' provides a 'different ground[] for relief' than a claim that his trial counsel was ineffective for failing to investigate mitigating evidence" (internal citations omitted)); *see also* ECF No. 168 at 11–12 (rejecting Lind's argument that this distinction attacked the form, rather than the substance, of his claim).) Because he did not initially raise this claim in his federal habeas petition, the Court was not—and still is not—obligated to entertain it. *See Samples v. Ballard*, 860 F.3d 266, 274-75 (4th Cir. 2017) (holding that a district court is not required to review new issues raised for the first time in a petitioner's objections to a PF&R).

Second, the Court has already determined that Lind's IATC claim for failure to call witnesses was fully developed. (*See* ECF No. 125 (denying, *inter alia*, Lind's Motion for Appointment of Counsel to Conduct Discovery, Motion for an Evidentiary Hearing, and Motion to Provide Supplemental Information).) The Court recalled that the second state habeas court permitted Lind to "present evidence on all errors asserted in his amended habeas petition, including those that the circuit court denied in his initial habeas proceeding, and heard testimony from [Lind] and his trial and habeas counsels during the second omnibus evidentiary hearing." (*Id.* at 9, n. 7; *see also* ECF No. 90-5 at 51: 17-20 (acknowledging that Lind had "moved to add a habeas claim" based on what "he refers to [as] the *Martinez* exception"[4]).) The Court further noted that most

---

[4] An exception to the doctrine barring procedurally defaulted claims from being heard exists "where a petitioner can show [] cause for the default and prejudice therefrom[.]" *Richmond v. Polk*, 375 F.3d 309, 323 (4th Cir. 2004). Lind has specifically argued his ineffective assistance of counsel claims are not procedurally barred under the "*Martinez*" exception:

> [A] federal habeas court [may] find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the

testimony Lind sought to elicit from certain witnesses was already on the record, except testimony that he was not a violent person and that he saved his mother's life once. (ECF No. 125 at 2–5.)

Further, as discussed above, the SCAWV found that "there [were] no grounds to support a claim of ineffective assistance of [trial] counsel." *Lind*, 2015 WL 5125884 at *3; *id.* at *5 (reasoning "it cannot be maintained that petitioner was provided ineffective assistance of counsel at his trial" because "counsel effectively advocated for petitioner and secured a lesser conviction for him"). This Court previously found that this decision "was neither contrary to, nor an unreasonable application of, federal law, nor was it an unreasonable determination of the facts presented in the state proceeding, and therefore federal habeas relief is not warranted." (ECF No. 126 at 21–23; *see also id.* at 31–32.)

Therefore, the Court's assessment of Lind's constitutional claims would not be debatable among reasonable jurists, and Lind has thus failed to make a substantial showing of the denial of a federal constitutional right.

### B. Cumulative Error

As discussed above, many of Lind's most recent federal habeas claims were dismissed because they were both procedurally defaulted and meritless. In his objections to the latest PF&R, Lind argued that he could overcome procedural default via "cumulative error," which he describes as the existence of "multiple errors [that] make it impossible for [him] to comply with the

---

"cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim;" and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (third and fourth alterations in original) (emphasis omitted) (quoting *Martinez v. Ryan*, 566 U.S. 1, 13-18 (2012)).

established state procedural rule." (ECF No. 161 at 6; *see also id.* at 4 (arguing that cumulative errors outside of his control are sufficient to overcome procedural default).) However, this Court enlightened him. (ECF No. 168 at 15.) "The Fourth Circuit Court of Appeals does not recognize the cumulative error doctrine to find error where the individual errors are not proven." *McRant v. Warden MacDougall Corr. Inst.*, No. 6:14-CV-03179-JMC, 2015 WL 5092632, at *11 (D.S.C. Aug. 27, 2015) (citing *Fisher v. Angelone*, 163 F.3d 835, 852–53 (4th Cir.1998)). To put it another way, Lind cannot argue that a number of unproven errors may be "aggregate[d]" together to "form a constitutional violation." *Causey v. McCall*, C.A. No. 4:13–581–TMC, 2014 WL 130447, at *16 (D.S.C. Jan.14, 2014).

Lind now claims that the Court failed to determine whether cumulative error applies in civil proceedings. (ECF No. 169 at 1–2 (claiming that the Fourth Circuit has not decided this issue).) Not so. In *Fisher*, the Fourth Circuit specifically addressed the cumulative error doctrine in the context of a federal habeas petition—*i.e.*, a civil proceeding. *See* 163 F.3d at 852–53 ("To the extent this Court has not specifically stated that ineffective assistance of counsel claims, like claims of trial court error, must be reviewed individually, rather than collectively, we do so now."). Therefore, the Court's assessment of Lind's constitutional claims and procedural rulings would not be debatable among reasonable jurists, and Lind has thus failed to make a substantial showing of the denial of a federal constitutional right.

### C. True Rule 60(b) Claims

After the Court denied his most recent federal habeas petition, Lind attempted to relitigate many of his arguments by way of a Rule 60(b) motion. (*See* ECF No. 154.) As stated in the PF&R, Lind's Rule 60(b) motion raised both successive habeas claims and true Rule 60(b) claims.

6

(*See* ECF No. 158 at 1.) As such, the Court *dismissed* the motion to the extent it was a successive habeas petition but *denied* the motion to the extent it presented true Rule 60(b) issues. (ECF No. 168.) Now, Lind contends that the Court "erred in not allowing [him] to delete the improper claims that are not true Rule 60(b) claims, constituting Widmyer error." (ECF No. 169 at 3.)

The Fourth Circuit's decision in *Widmyer v. Ballard*, No. 21-7378, 2022 WL 4376080 (4th Cir. Sept. 22, 2022) (per curiam) is inapplicable here. In that case, the district court "dismissed Widmyer's second, third, and fourth Rule 60(b) motions for lack of jurisdiction, finding that they raised grounds for relief which were not cognizable under Rule 60(b), but instead were by nature habeas claims subject to the requirements governing successive applications." *Widmyer v. Ballard*, No. 1:10CV84, 2023 WL 5986466, at *1 (N.D. W. Va. Sept. 14, 2023), *aff'd in part, dismissed in part*, No. 23-6940, 2025 WL 80301 (4th Cir. Jan. 13, 2025). However, the Fourth Circuit vacated and remanded that decision because "the district court should have afforded Widmyer the opportunity to elect between deleting his successive § 2254 claims or having his entire motion treated as a successive § 2254 petition." *Widmyer v. Ballard*, No. 21-7378, at *3 (citing *McRae*, 793 F.3d at 400).

Obviously, that is not what happened here. As discussed above, Lind's true Rule 60(b) issues were considered and denied—as opposed to dismissed. (ECF No. 168; *see also* ECF No. 158 at 7 (explaining that recent Fourth Circuit opinions have indicated that, when presented with a mixed Rule 60(b) motion/§ 2254 petition, the district court may proceed by dismissing the successive habeas claims for lack of jurisdiction and ruling on the merits of the "true" Rule 60(b) claims because this has the same effect as if the movant had elected to delete the successive habeas claims).) Therefore, the Court's assessment of Lind's constitutional claims and procedural rulings

would not be debatable among reasonable jurists, and Lind has thus failed to make a substantial showing of the denial of a federal constitutional right.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Lind's Motion for COA. (ECF No. 169.)

This Court has, for too long, entertained Lind's attempts to relitigate claims previously decided. *See* L. Numeroff, *If You Give a Mouse a Cookie* (1985). In an attempt to quell any ideas about wasting more of the Court's time, Lind was recently warned that "[a]ny further motions will be received with the skepticism reserved for frivolous litigation." (ECF No. 168 at 17.) Lind either did not get the hint or blatantly ignored it because—less than two weeks later—he filed his most recent motion. (*See* ECF No. 169.)

So, to be abundantly clear: future frivolous filings will be rejected.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 5, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE